ELIZABETH K. LaPOINTE, ADMX.
*vs.*
JOHN J. CASALE, INC., ET AL.

Superior Court        New Haven County        File No. 63864

MEMORANDUM FILED FEBRUARY 19, 1944

*Francis R. Danaher,* of Meriden, for the Plaintiff.

*Campion & Watrous,* of Hartford, for the Movants.

*Pullman & Comley,* of Bridgeport, for the Defendants.

O'SULLIVAN, J.   The C. H. Hale Construction Company and its compensation insurer, The Aetna Casualty & Surety Company, are seeking, through the motion at hand, to be made parties plaintiff in the above entitled action, which is one to recover damages for negligently causing the death of the plaintiff's decedent.

On April 13, 1943, the decedent, while acting within the scope of his employment with the C. H. Hale Construction Company, was killed by the alleged negligent operation of the defendant's truck.   The decedent's administratrix thereupon instituted suit against the defendant, of which fact the Hale Company and its insurer had knowledge as far back, at least, as October, 1943.   During the last part of December, though the exact date is unknown, a copy of the writ and complaint was sent by mail to Daniel Campion, attorney for the insurer. No letter accompanied the enclosure.

On January 3, 1944, plaintiff's counsel mailed to Campion the following letter: "Please take note that there has been instituted by Elizabeth K. LaPointe, administratrix of the estate of Antonio LaPointe, suit against John J. Casale, Incorporated, et als., No. 63,864, in the Superior Court for New Haven County, returnable first Tuesday of June, 1943. The purpose of this letter is to give you notice as the compensation carrier for the C. H. Hale Construction Company that said suit is pending and that you have an interest in the outcome of said case."

Section 5231 of the General Statutes, Revision of 1930, deals with situations involving suits by employees wherein damages are sought for injuries sustained, during the course and arising out of their employment, by the negligence of third persons.   It provides that where an employee shall bring such an action, "he shall forthwith notify [his employer] in writing, by personal presentation or by registered mail, of such fact and of the name of the court to which the writ is returnable, and such [employer] may join as a party plaintiff in such action within thirty days after such notification, and, if such [employer] shall fail to join as a party plaintiff, his right of action against such third person shall abate."

There is a difference between knowledge of the existence

of a pending action and the notice required by the statute. A certain formality is required as to the giving of notice and until it is substantially complied with, the employer is not required to act.

The copy of the writ and complaint which was forwarded to the attorney for the insurer did not comply with the provisions of the statute. It obviously gave knowledge of the suit but it did not give the essential notice. The letter of January 3rd did. The insurer and employer had 30 days thereafter within which to join as plaintiffs. This they did by the filing of the instant motion.

Accordingly, they are entitled as a matter of right to become parties plaintiff. Their motion is granted.