Martin **BOYER**, dba Martin Boyer & Company, The Exchange Insurance Association, Defendants-Appellants,

v.

**TRAVELERS INDEMNITY COMPANY**, The Shell Oil Company, Plaintiffs-Appellees,

Laura Anderson, Admx. etc., Defendant-Appellee.

No. 13909.

United States Court of Appeals Sixth Circuit.

July 6, 1960.

Harley J. McNeal, Cleveland, Ohio, for appellants.

Eugene Bleiweiss, Payer, Bleiweiss & Crow, Cleveland, Ohio, for appellee.

Before MILLER and WEICK, Circuit Judges, and THORNTON, District Judge.

THORNTON, District Judge.

The opinion of the lower court is short and contains a simple statement of the factual picture here present. We therefore preface our review with said opinion. It reads as follows:

"This is an interpleader action which arose as follows: On January 9, 1953, Walter Anderson, a resident of Ashtabula County, Ohio, and an employee of Spector Motor Service, Inc., was killed while engaged in his employment in Schodack, N. Y., when a vehicle operated by the Shell Oil Company struck said Walter Anderson. His widow, Laura Anderson, as administratrix of his estate, brought a wrongful death action in Cuyahoga County, Ohio, against the Shell Oil Company, which action was for the benefit of Walter's dependents. In addition, Laura in her individual capacity applied to the Illinois Workmen's Compensation Board, under which both Spector and Shell were qualified, for benefits due her and Walter's minor children by a former marriage.

"The Workmen's Compensation award totalled $8,235.44, which was paid by Spector and its insurer the Exchange Insurance Association to Laura Anderson in part and in part to Miriam McClimans, legal guardian of the minor children.

"Shell and its insurer The Travelers Indemnity Corporation, settled the wrongful death action for $40,-000.00, of which, pursuant to court order, $8,235.44 was paid into the registry of this court and this interpleader of the claimants to the fund filed. The matter is now submitted to the court for decision on the briefs, exhibits and an agreed statement of facts.

"Claimants Martin Boyer and Exchange Insurance Association rely upon Section 5 of the Illinois Workmen's Compensation Act. This section, formerly Section 29, provides that if a third party is responsible for the injury or death for which compensation has been paid, the employer may bring suit to recover

such amount against the negligent third party or, if the injured employee or his personal representative should bring suit against the third party, the employer is entitled to share in the recovery to the extent of the compensation paid by the employer.

"Thus, the issues seem not difficult to resolve. Section 5 of the Illinois Workmen's Compensation Act would settle this question: (1) if this were an Illinois cause of action; and (2) if Section 5 had not been declared unconstitutional by the Illinois Supreme Court in Grasse v. Dealer's Transport Co., 412 Ill. 179, 106 N.E. 2d 124 (1952).

"The cases cited by Boyer and Exchange relate to situations in which the action is brought in Illinois under Illinois law. This action, however, was brought in Ohio under the New York wrongful death law, and is thus more comparable to cases such as Anderson v. Miller, 176 Wis. 521, 182 N.W. 852 [187 N.W. 746]; and Bernard v. Jennings, 209 Wis. 116, 244 N.W. 589.

"Thus the claim of Laura Anderson must be held valid as against the claims of Martin Boyer and Exchange Insurance, subject to a lien in favor of the attorneys who aided in the creation of the fund.

"The stipulated facts filed by the parties are adopted as the findings of fact and together with the conclusions of law in the foregoing memorandum are considered adequate compliance with Rule 52(a) [28 U.S.C.A.]."

■ We will commence with the rationale of the court below where the court states that "the issues seem not difficult to resolve." The court below says that Section 5 of the Illinois Workmen's Compensation Act, Ill.Rev.Stat. 1959, c. 48, § 138.5 would settle the question but for (1) and (2) as above stated. The fact that this is not an Illinois cause

of action is a point whose determinative quality escapes us. Section 5 contains a subrogation provision common to many workmen's compensation statutes providing for reimbursement to the employer out of the proceeds of the recovery for tortious action, to the extent of workmen's compensation paid. New York law appears to be not materially different in this respect:

"It will be noted that under this statute the employer has a lien on the proceeds of recovery *after* the deduction of reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, but *to the extent* of the total amount of compensation paid. We think that language controlling to provide full reimbursement of all compensation paid, without any deduction, up to the net proceeds as here defined. That is, the attorney's fees are deductible in determining the maximum amount the employer may receive back, but do not otherwise affect or limit the reimbursement." Ocean S. S. Co. v. Lumbermen's Mut. Casualty Co., 2 Cir., 1942, 125 F.2d 925, 926.

The theory of allowance to the employer (or its insurance carrier) of reimbursement does not do violence to the basic philosophy of either workmen's compensation or of wrongful death actions. It has not been pointed out to this Court that it does violence to the New York wrongful death act, nor to that of Ohio. We are not apprised whether a subrogation provision similar to Section 5, above adverted to, prevails under the law of Ohio, in which state this action was brought in enforcement of a cause of action which arose in the state of New York. We do not think it a prerequisite that this be an Illinois cause of action in order for Section 5 of the Illinois Workmen's Compensation Act to be applicable

1. Where the workmen's compensation benefits under Section 5 have been paid to persons entitled thereto by virtue

of their relationship to the deceased Anderson,

and

2. Where a recovery on account of the wrongful death of Anderson has been had, which death is the reason for the workmen's compensation payments to the wife and to the children of the deceased Anderson.

Whether a wife who is receiving payments under workmen's compensation is or is not the same actual person as the administratrix (of the estate of the deceased) who recovered the funds for the estate by virtue of the wrongful death act appears to us to be immaterial. The crucial point appears to us to be the relationship between the death act proceeds and the compensation payments. They both spring, if you will, from the same fount * * * the death of Anderson triggered into being these two financial reserves. They are interrelated and it is unrealistic to assume or presume that they are as divorced from each other as the appellees would want us to think. The maxim that you can't eat your cake and have it too is not reserved for only nonlegal or nonjudicial situations. We may well apply it here. Therefore we conclude that the roadblock which appeared to exist because this was not an Illinois cause of action, according to the view taken by the court below, is removable and is not an effective obstacle to the resolution of the issues.

█ As to the case of Grasse v. Dealer's Transport Co., cited by the court below in its opinion, we do not construe it in a way to render unconstitutional Section 5, as did the court below. It appears to us that the part of the statute declared unconstitutional by that case is separate and distinct from the part sought to be relied upon here by the compensation carrier. According to well established principles of statutory construction, the section here relied upon is still in force and is valid. See O'Brien v. Rautenbush, 10 Ill.2d 167, 139 N.E.2d

222. In addition, there is a saving clause contained in the Act.

Two observations might here appropriately be made. One has to do with the recent opinion written by Judge Clark of the Court of Appeals for the Second Circuit in which he employs an approach to the problem before him which appears to us as being eminently sound, entirely lawful, and obviously just. Zogg v. Penn Mutual Life Insurance Company, 2 Cir., 1960, 276 F.2d 861.[1] The matter before the Court there involved insurance and conflict of laws. Both topics arose in a context quite different from that here. However, a reading of Judge Clark's opinion there reinforces the thinking that led us to approach this review as we have. We believe that the court below took too narrow a view of the problem and of the law to be applied.

█ The concept advanced by Judge Clark we might term a totality one. In the case before him where the conflict-of-laws problem was more acute than it is here, the court said that "under these circumstances a New York court could only conclude from a 'grouping of the significant contacts' that the validity of the contract and its provisions is controlled by the internal law of the forum, which includes its public policy as legislatively expressed." Zogg v. Penn, supra, 864. We think that the rationale to support our conclusion, and a "grouping of the significant contacts" (or factors) requires recognition of the fact that one accepting workmen's compensation does it with the obligation to be bound by the non-gratuitous provisions of the act as well as by the gratuitous ones. The basic reason for this type of act, employeewise, is to provide financial aid for persons who otherwise would have no recourse. Generally, persons injured under conditions where workmen's compensation is available have no recourse against a third party. Where they do, however, there is nothing inequitable, and everything equitable, in requiring a fund so recovered, which is in part al-

1. An opinion not yet in existence at the time of the ruling by the district court in the instant case.

lotted to the workmen's compensation beneficiaries, to be subjected to subrogation rights of the compensation carrier.

We must therefore conclude by reversing the lower court, and by holding that the claim of Laura Anderson is not valid as against the claims of Martin Boyer and Exchange Insurance. We also hold that the claims of Martin Boyer and Exchange Insurance are not subject to the liens of the attorneys who represented the administratrix in the wrongful death action. Manion v. Chicago, Rock Island and Pacific Railroad Co., 2 Ill. App.2d 191, 119 N.E.2d 498. For the entry of an appropriate order, the order of the district court will be reversed and the cause remanded.

Reversed and remanded.