**VIBRANT SALES, INC., Plaintiff,**

v.

**The NEW BODY BOUTIQUE, INC., Maximum Exposure Advertising, Inc., Harvey S. Fishman and Avram C. Freedberg, Defendants.**

**80 Civ. 3019(MEL).**

United States District Court,
S.D. New York.

April 9, 1985.

554

Vann & Borenstein, P.C., New York City, for plaintiff; Avrom R. Vann, New York City, of counsel.

William L. Schecter, New York City, for defendants.

LASKER, District Judge.

Plaintiff moves pursuant to Federal Rule of Civil Procedure 15 to amend its complaint and defendants move under Federal Rules of Civil Procedure 12(c) and 41(b) to dismiss the complaint for lack of subject matter jurisdiction and for lack of prosecution. Plaintiff's motion is denied and defendants' motion is granted.

This action dates back to May of 1980 when plaintiff Vibrant Sales, Inc. ("Vibrant"), a manufacturer and marketer of a belt intended to reduce the size of one's waist without dieting or exercise, sued the defendants for violating Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (1982), and an agreement terminating a joint venture agreement between Vibrant and defendant Maximum Exposure Advertising ("MEA"). We found in plaintiff's favor in September of 1980 and enjoined the defendants from violating the Act and the agreement, *Vibrant Sales, Inc. v. New Body Boutique, Inc.*, 496 F.Supp. 854 (S.D.N.Y. 1980). The Court of Appeals concluded otherwise and reversed in June of 1981, *id.*, 652 F.2d 299, *reh. denied*, No. 80–7877 (2d Cir. Aug. 20, 1981). The Supreme Court denied plaintiff's petition for a writ of certiorari in January of 1982, *id.*, 455 U.S. 909, 102 S.Ct. 1257, 71 L.Ed.2d 448 (1982). No other action was taken in the case until August of 1984 when plaintiff made this motion to amend its complaint to add a civil RICO claim against the defendants. Plaintiff now seeks to prosecute this new federal claim and pendent state law claims, originally pleaded but not considered in the earlier proceedings, which allege that defendants are liable to Vibrant for common law fraud and for violating Section 368–d of the New York General Business Law.

Vibrant seeks to amend its complaint on the grounds that it learned of many additional facts during discovery and at trial, and that its newly-retained counsel has identified additional causes of action. Defendants oppose the proposed amendment, *inter alia*, on the grounds that the proposed RICO claim is legally insufficient in light of recent holdings by the Court of

Appeals for this Circuit; that the two and one-half year delay between the filing of Vibrant's motion and the Supreme Court's denial of certiorari prejudices the defendants because MEA has undergone a bankruptcy reorganization and, as we understand it, the remaining defendants would be burdened with a larger share of any judgment against them. Defendants also move to dismiss the complaint on the ground that subject matter jurisdiction is lacking over this action.

■ Rule 15(a) provides that "leave shall be freely given [to amend pleadings] when justice so requires." FED.R.CIV.P. 15(a). Reasons for denying a motion to amend include undue delay, bad faith, undue prejudice to the opposing party, and futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). In this case, plaintiff proposes to re-try its case on a RICO cause of action which fails to state a claim for the reasons set forth in *Sedima, S.P.R.L. v. Imrex Co.*, 741 F.2d 482, 503 (2d Cir.1984), *cert. granted*, — U.S. —, 105 S.Ct. 901, 83 L.Ed.2d 917 (1985), and *Bankers Trust Co. v. Rhoades*, 741 F.2d 511, 516 (2d Cir.1984). The futility of the proposed amendment in itself supports denying Vibrant leave to amend its complaint. *See, e.g., S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir.1979) ("A trial court does not abuse its discretion in denying leave to amend a complaint which even as amended would fail to state a cause of action."); *Ahbez v. Edwin H. Morris & Co.*, 548 F.Supp. 664, 667 (S.D.N.Y.1982) (motion to amend complaint denied without prejudice "insofar as the proposed amended complaint would not cure the fatal deficiency of the original complaint.").

■ In addition, this motion provides an illustration of the comparatively rare case in which undue delay bars the proposed amendment. *See State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981) ("absent a showing of bad faith or undue prejudice, [mere delay] does not provide a basis for a district court to deny the right to amend.") Vibrant seeks to re-open a proceeding, more than four and one-half years after trial, which, in the absence of a remand by the Court of Appeals necessitating another trial and the lack of prosecution by Vibrant, we long-ago considered closed. The case consists of facts and legal issues that are, at best, a distant memory to both the court and the litigants. Under such circumstances, it is not unreasonable to deny plaintiff leave to amend, especially when it is considered that defendants will be prejudiced because the remaining solvent defendants would be forced to re-assimilate and re-develop the record of this case if the proposed amendments were permitted. Accordingly, Vibrant's motion to amend its complaint is denied.

■ Vibrant opposes defendants' motion to dismiss for lack of subject matter jurisdiction on the ground that even in the absence of colorable federal claims, we should nonetheless exercise pendent jurisdiction in order to hear its state law claims against the defendants because these claims are based upon many of the facts elicited at the earlier trial. We find that pendent jurisdiction is lacking in this case because no trial is required and "unless a trial of the operative facts is necessary to resolve claims that the federal court must hear, the federal court has no jurisdiction to take any action with respect to a pendent state law claim." *McLearn v. Cowen & Co.*, 660 F.2d 845, 848 (2d Cir.1981) (Lumbard, J.) (footnote omitted). Given the passage of time, a new trial would be required to consider Vibrant's state claims and, in the absence of federal causes of action, we lack the power solely to hear these claims. Defendants' motion to dismiss for lack of subject matter jurisdiction is accordingly granted.

Plaintiff's motion to amend its complaint is denied, and defendants' motion to dismiss is granted.

It is so ordered.