Constance A. BOYLE, Individually and as Administratrix of the Estate of Robert J. Boyle, Deceased, Plaintiffs,

v.

TEXASGULF AVIATION, INC., Defendants.

TEXASGULF AVIATION, INC., Third–Party Plaintiff,

v.

COLT ELECTRONICS, CO., INC., Phoenix Aerospace, Inc., The Garrett Corporation, Lockheed Corporation, and The United States of America, Third–Party Defendants.

The GARRETT CORPORATION, Fourth–Party Plaintiff,

v.

TEXASGULF, INC., Fourth–Party Defendant.

MORGAN GUARANTY TRUST COMPANY OF NEW YORK, as Executor Under the Will of Charles F. Fogarty, Deceased, Plaintiff,

v.

TEXASGULF AVIATION, INC., Defendants.

MORGAN GUARANTY TRUST COMPANY OF NEW YORK, as Executor Under the Will of Charles F. Fogarty, Deceased, Plaintiff,

v.

The GARRETT CORPORATION, Colt Electronics, Co., Inc., Phoenix Aerospace, Inc., and Lockheed Corp., Defendants.

Mary L. McKEE, As Executrix Under the Will of Gordon N. McKee, Deceased, Plaintiff,

v.

COLT ELECTRONICS, CO., INC., Phoenix Aerospace, Inc., The Garrett Corporation and Lockheed Corporation, Defendants.

The GARRETT CORPORATION and Lockheed Corporation, Third–Party Plaintiff,

v.

TEXASGULF, INC. and Texasgulf Aviation, Inc. Third–Party Defendants.

Mary V. DREW, As Executrix Under the Will of Clarence E. Drew, Deceased, Plaintiff,

v.

COLT ELECTRONICS, CO., INC., Phoenix Aerospace, Inc., The Garrett Corporation and Lockheed Corporation, Defendants.

Nos. 82 Civ. 4997, 83 Civ. 3640, 82 Civ. 0816, 82 Civ. 3913 and 82 Civ. 3912.

United States District Court, S.D. New York.

Oct. 6, 1988.

Speiser & Krause, P.C., New York City (Frank H. Granito, Jr., of counsel), for plaintiff Boyle.

Kreindler & Kreindler, New York City (Milton G. Sincoff, of counsel), for plaintiff Morgan Guar.

Whitman & Ransom, New York City (John M. Newell, of counsel), for plaintiffs Drew and McKee.

Siff, Rosen & Parker, New York City (Ignatius John Melito, of counsel), for Texasgulf, Inc. and Zurich Ins. Co.

## OPINION

GOETTEL, District Judge.

These related cases (the *"Texasgulf cases"*) are beginning to run like a bad *Jaws* sequel: "Just when you thought it was safe to close the *Texasgulf* files ..." With this decision, however, we may finally be able to put an end to the litigation spurred by the tragic 1981 crash of a corporate aircraft at Westchester County Airport.

## I. FACTS

On February 11, 1981, a corporate airplane owned and operated by Texasgulf Aviation, Inc. ("TGA"), a wholly-owned

subsidiary of Texasgulf, Inc. ("Texasgulf"), crashed near Westchester County Airport, killing its two man crew and six passengers. The six passengers were all employees of Texasgulf.

The estates of the crash victims instituted actions under New York's wrongful death statute, N.Y. Est. Powers & Trust Law 5–4.3 (McKinney 1981). The cases were consolidated and were tried in this court. The factual and procedural histories of these cases are fully delineated in *Woodling v. Garrett Corp.*, 813 F.2d 543 (2d Cir.1987); *Morgan Guaranty Trust Co. v. Texasgulf Aviation, Inc.*, 604 F.Supp. 699 (S.D.N.Y.1985); *Texasgulf, Inc. v. Colt Electronics Co.*, 615 F.Supp. 648 (S.D.N.Y. 1984); *Gregory v. Garrett Corp.*, 589 F.Supp. 296 (S.D.N.Y.1984), *aff'd in part and vacated in part*, 813 F.2d 543 (2d Cir.1987).

These cases were tried in two separate jury trials; the first relating to affirmative defenses, including a workers' compensation defense, and the second concerning basic liability. The jury found that TGA was not a division of Texasgulf, and, accordingly, it could not assert a workers' compensation defense against the passengers who were employed by Texasgulf. The liability of the various defendants found responsible was apportioned as follows: Texasgulf Aviation 70%; Garrett Corp. 20%; Phoenix Aerospace 5%; and Colt Electronics 5%. Thereafter, some of the cases were tried separately as to damages and some were settled.

On January 13, 1987, a jury rendered a judgment in favor of the Boyle estate in the amount of $1,312,000. Appeals and cross-appeals were filed. While appeals were pending, the plaintiffs in *Boyle* reached a settlement with defendants Garrett, Phoenix and Colt whereby, in lieu of appeal, those defendants agreed to pay in full their apportioned share (30%) of the judgment, or $393,600. The settlement was so ordered by the Second Circuit and the case remanded to this court for "fixing of any workers' compensation lien." *Boyle v. Texasgulf Aviation, Inc.*, Nos. 87–7136, 87–7170, 87–7172 (2d Cir. June 29, 1987).[1] Thereafter, Boyle entered into settlements with the remaining defendants, leaving only questions of the workers' compensation liens unresolved.

The sole remaining issue in this tortured litigation, therefore, is finally before this court. We are presented herein with plaintiff Boyle's motion to extinguish, or in the alternative to reduce, the worker's compensation lien of the Zurich–American Insurance Companies in accordance with New York law. This motion is countered by Texasgulf's cross-motion to amend the pleadings to allow Texasgulf to join the action as a plaintiff and to apportion damages pursuant to Connecticut law, and corresponding motions directed towards plaintiffs Morgan Guaranty, Drew and McKee.

## II.  DISCUSSION

### A.  *Choice of Law*

■ It is incumbent upon a federal court exercising diversity jurisdiction to apply the choice of law principles of the forum state. *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496–97, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941); *O'Connor v. Lee–Hy Paving Corp.*, 579 F.2d 194, 205 (2d Cir.), *cert. denied*, 439 U.S. 1034, 99 S.Ct. 638, 58 L.Ed.2d 696 (1978). It is the law of this state that the rights of an employer and its insurance carrier to be reimbursed for workers' compensation benefits paid to an employee are governed by the law of the state in which the benefits were paid, here Connecticut. *See Liberty*

1. Plaintiff Morgan Guaranty Trust entered a stipulation of settlement that was so ordered by the Second Circuit on May 24, 1988, making reference to the workers' compensation matter pending in the district court. *Morgan Guaranty Trust v. Garrett Corp.*, Nos. 87–7972, 87–7994, 88–7038 (2d Cir. May 24, 1988). Plaintiff McKee's appeal was decided by the Court of Appeals shortly thereafter. *McKee v. Colt Elec-* *tronics Co.*, 849 F.2d 46 (2d Cir.1988). No appeal was taken by plaintiff Drew. Neither the *McKee* or *Drew* cases specifically addressed the workers' compensation lien issue. No application is made with respect to the other four estates, two of which involved North Carolina residents and the other two whose decedents were TGA employees.

*Mutual Ins. Co. v. Borsari Tank Corp.*, 248 F.2d 277, 282 (2d Cir.1957). This is also the position of the Restatement (Second) of Conflict of Laws § 185 (1971) which states:

> The local law of the state under whose workmen's compensation statute an employee has received an award for an injury determines what interest the person who paid the award has in any recovery for tort or wrongful death that the employee may obtain against a third person on account of the same injury.

This rule applies notwithstanding that the substantive issues of the employee's tort action are governed by the law of a state other than the state where the compensation benefits were paid. *Boyer v. Travelers Indemnity Co.*, 280 F.2d 289, 291 (6th Cir.1960). This court has previously determined that the worker's compensation issues in this litigation—to the extent they involve the Connecticut residents who have joined in this motion—are governed by Connecticut law, *Gregory v. Garrett Corp.*, 578 F.Supp. 871, 886 (S.D.N.Y.1983), and the parties conceded at oral argument that Connecticut law properly controls the issue before this court. We hold, therefore, that Connecticut's workers' compensation laws govern the compensation lien issues herein. Accordingly, plaintiffs' motion to set the lien in accordance with New York law is denied.

### B. *Connecticut General Statute § 31–293*

■ The next issue before the court is whether Texasgulf may properly amend the pleadings at this stage of the litigation to have the compensation lien set under Connecticut law. Texasgulf so moves because Connecticut law permits recovery by the employer without deducting the employer's proportionate share of litigation costs. Conn.Gen.Stat. § 31–293 ("[D]amages shall be so apportioned that the claim of the employer, as defined in this section, shall take precedence over that of the injured employee in the proceeds of such recovery, after the deduction of reasonable and necessary expenditures, including attorneys' fees, incurred by the employee in effecting such recovery."). Questions remain, however, as to whether Texasgulf may seek recovery under this statute at this late stage of the litigation.

The text of the statute, which is ambiguously worded, at best, provides in pertinent part:

> When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the ... injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee. If either such employee or such employer brings such action against such third person, he shall forthwith notify the other, in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such third person shall abate. In any case in which an employee brings an action against a third party in accordance with the provisions of this section, and the employer is a party defendant in such action, the employer may join as a party plaintiff in such action. The bringing of such action against an employer shall not constitute notice to such employer within the meaning of this section.

Conn.Gen.Stat. § 31–293(a).

The Connecticut legislature has left much to be desired in the drafting of this statute. For an employer to seek reimbursement for workers' compensation payments made to the employee, it must either sue the tortfeasor or intervene as a plaintiff in the employee's suit against the same party.

Intervention is permitted only within thirty days after formal notification of the action by the employee has been given.[2] If such notification is not given, the employer "c[an] not be barred from intervening by the passage of the time which this statute prescribes, because, until notice is given, the time does not begin to run." *Lakewood Metal Products, Inc. v. Capital Machine & Switch Co.*, 154 Conn. 708, 226 A.2d 392, 394 (1967). Our initial inquiry, therefore, is whether Texasgulf was given notice of the plaintiff's suit sufficient to start the tolling of the 30 day time limitation.

Texasgulf claims that it never received formal notice of the plaintiffs' suits. The plaintiffs, on the other hand, contend that Texasgulf was notified of the actions. Plaintiff Boyle alleges that "notice sufficient to satisfy the requirement of § 31–293(a) was given to Texasgulf in the form of the process served on it as agent for TGA." Boyle Memorandum of Law in Opposition, 7. The remaining plaintiffs broadly allege that Texasgulf had actual notice but make no claim of having served formal notice. We note again, that throughout this litigation, Texasgulf claimed to be the real party defendant. Ironically, Texasgulf now argues that it never received notice of the plaintiffs' suits. *See supra* note 2.

The statute's notice requirement has been strictly construed by the Connecticut courts. *Lakewood Metal Products, Inc. v. Capital Machine & Switch Co.*, 154 Conn. 708, 226 A.2d 392, 394 (1967); *LaPointe v. Casale*, 12 Conn.Supp. 325 (1944). Section 31–293 explicitly provides that institution of suit against the employer will not constitute notice to that employer. Moreover, the Connecticut courts have squarely addressed the issue presented by the *Boyle* plaintiffs. As stated in *LaPointe:*

> There is a difference between knowledge of the existence of a pending action and the notice required by the statute. A certain formality is required as to the giving of notice and until it is substantially complied with, the employer is not required to act.

> The copy of the writ and complaint [of the employee's action against the third party] which was forwarded to the attorney for the insurer did not comply with the provisions of the statute. It obviously gave knowledge of the suit but it did not give the essential notice.

*LaPointe v. Casale*, 12 Conn.Supp. 325, 326–27 (1944).

While there can be no question that Texasgulf had knowledge of the plaintiffs' actions, under the strict, albeit bizarre, construction of the Connecticut statute, Texasgulf did not receive the requisite notice and, therefore, its time to intervene under section 31–293 has not yet elapsed.

### C. *Federal Rule of Civil Procedure 15*

Unfortunately for Texasgulf, that is not the end of the inquiry. Although the black letter law of the statute suggests that Texasgulf may not intervene as a plaintiff, the equities of the matter counsel otherwise. This is a legacy of litigation that was commenced over 6 years ago. From the start, Texasgulf made a strategic decision to align itself with TGA; contending that TGA, Texasgulf's wholly-owned subsidiary, had no independent corporate existence from Texasgulf. Rather than join as a plaintiff in the initial litigation to seek compensation reimbursement from TGA, Tex-

---

**2.** The statute makes a distinction between non-party employers and employers who are party-defendants. When the employer who seeks to intervene is already a party-defendant in the action, the statute provides no express time limitation for such intervention. In this case, Texasgulf was not named as a defendant in any of the plaintiffs' actions and was only brought into the *Boyle* action as a fourth-party defendant. As a non-party, Texasgulf must move to intervene in the plaintiff's action within 30 days of notice by the plaintiff. We note here, however, that

Texasgulf's position throughout the first jury trial, and on appeal, was that TGA was a division of Texasgulf and therefore protected by workers' compensation immunity. *See infra.* In essence, Texasgulf was claiming to be the real party in interest. Nevertheless, Texasgulf was never a named defendant in any of the actions and, in fact, the jury rejected Texasgulf's contention of unity of identity. Accordingly, we will apply the 30 day time limit to Texasgulf and we decline to address the existence of any limit on party-defendants' time to intervene.

asgulf chose to remain a fourth-party defendant. By so doing, Texasgulf hoped to immunize itself from liability based on New York's workers' compensation laws. This strategy failed at trial and now that all appeals have been resolved, Texasgulf wishes to avail itself of the jury's finding and intervene as a plaintiff to offset their liability by the amount of workers' compensation paid to the plaintiffs.

Texasgulf moves pursuant to Fed.R. Civ.P. 15 to amend the pleadings to add Texasgulf as a plaintiff in the Boyle, Morgan Guaranty, McKee and Drew actions to fix the workers' compensation lien. Rule 15 provides that leave to amend shall be freely granted "when justice so requires." The right of a party to amend its pleadings, however, is not without limit. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Leave to amend rests in the sound discretion of the district court, *see Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971), and may be denied when there is undue delay, bad faith or dilatory motive by the moving party and resultant prejudice to the opposing party. *See Evans v. Syracuse City School Dist.*, 704 F.2d 44, 46 (2d Cir.1983).

Texasgulf was clearly dilatory and delayed unduly in requesting leave to amend. In April 1984, at the trial of these related actions, the jury determined that Texasgulf and TGA were independent entities, thereby rejecting Texasgulf's workers' compensation immunity defense. *See Gregory v. Garrett Corp.*, 589 F.Supp. 296, 298 (S.D. N.Y.1984). Texasgulf's motion to amend the pleadings could have and should have been made at that time. Texasgulf's only proffered reason for a delay of over 4 years is that they "simply and innocently neglected to determine and act on the requirements of Connecticut law." Texasgulf Reply Memorandum of Law at 9. Unfortunately, Texasgulf's request is far from simple.

█ Although delay alone generally will not provide a basis for a court to deny leave to amend, *see State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981), when the motion comes after trial, judgment and appeal, an extreme and unjustified delay will permit denial of the motion. *See Vibrant Sales, Inc. v. New Body Boutique, Inc.*, 105 F.R.D. 553, 555 (S.D.N.Y.1985) (motion to amend pleadings denied when made four and one-half years after trial and after appellate decision adverse to movant). In this case, Texasgulf clearly could have made this motion after the trial of the affirmative defenses over 4 years ago. Rather than doing so at that time, or at any point in the appellate process thereafter, Texasgulf has waited until the appeals have been completed, the settlements have been entered into and the parties are finally ready to go home and try to put this protracted litigation behind them. Texasgulf's motion, coming more than four years after trial, is patently inappropriate. Because it can offer no valid justification for the delay, and because the motion comes after the litigation has been completed, we do not think this is a case when "justice so requires."

█ Texasgulf contends that the amendment is, nevertheless, appropriate because it will occasion no prejudice to the plaintiffs. It is important to note, however, that " '[t]he longer the period of an unexplained delay, the less will be required of the non-moving party in terms of a showing of prejudice.' " *Evans v. Syracuse City School Dist.*, 704 F.2d 44, 47 (2d Cir.1983) (quoting *Advocat v. Nexus Industries, Inc.*, 497 F.Supp. 328, 331 (D.Del.1980)). Clearly, there is not overwhelming prejudice to the plaintiffs as the liability of the parties has already been determined. However, the jury verdicts and the settlement in this case were based on a universe of facts present at that time. Texasgulf now seeks to affect their liability, and, consequently, the plaintiffs' recovery, by altering this universe of facts. Although it is impossible to predict how the jury's verdict might have differed if this motion were made at the appropriate stage of litigation, or how the settlement might have been affected, we think that given Texasgulf's extraordinary delay, even the smallest pos-

sibility of prejudice warrants denial of the motion to amend.

## III. CONCLUSION

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend the pleadings "shall be freely given when justice so requires." To permit Texasgulf's proposed amendment, however, would be to mock the notion of justice. Texasgulf had ample opportunity to amend the pleadings in the 6 years since this litigation began. The position they advance now is directly contrary to their trial strategy. To come before this court when all has been said and done and ask to intervene as a plaintiff is completely improper. We will not permit "the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." C. Wright & A. Miller, *Federal Practice and Procedure* § 1489 at 445 (1971).

For the foregoing reasons, plaintiffs' motion to fix the workers' compensation lien is denied and Texasgulf's motion to amend the pleadings is denied.

SO ORDERED.