[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO INTERVENE AND OBJECTION TO MOTION TO INTERVENE
CT Page 11750
The plaintiff Robert Ahnert sustained personal injuries in an automobile accident on January 4, 1996. At that time he was engaged in the course of his employment with the proposed intervening employer Warren J. Gottier Fuel Company, and received Workers Compensation benefits from the proposed intervening employer.
The present action was commenced by the plaintiff Ahnert by service of process on March 18, 1998, returnable April 14, 1998, and returned to court on April 3, 1998. This action was a successor to an action which was attempted to have been brought by the plaintiff against the defendant on December 10, 1997, but which however failed because that writ was never returned to court. Hence the within action was brought under the accidental failure of suit statute, General Statutes § 52-592.
The prior action, sought to be commenced in December, 1997, was never returned to court. Hence there was no action pending into which the employer could have intervened. The employer's attempt to intervene, by sending to the Superior Court in Rockville a motion to intervene at that time, was futile. There being no pending action, the court, on February 27, 1998, returned the employer's motion to intervene to the employer's counsel. Although the action was commenced by service of process (Rana v. Ritacco. 236 Conn. 330, 338), yet it never became a pending action.
The new action, this present action, was commenced by service of process on March 18, 1998 and became a pending action when the complaint was returned to court on April 3, 1998. By letter dated July 2, 1998 the plaintiff mailed to the employer by certified mail the notice required by General Statutes § 31-293(a). The letter was delivered to the employer on July 7, 1998.
General Statutes § 31-293(a) provides that the employer "may join as parties plaintiff in the action within thirty days after such notification." The employer moved to intervene by motion filed on September 3, 1998. The motion to intervene was filed more than thirty days from both the date of mailing of the notice to the employer (July 2, 1998) or the date of receipt of notice by the employer (July 7, 1998). CT Page 11751
General Statutes § 31-293(a) provides that" . . . if the others fail to join as parties plaintiff, their right of action against such person shall abate." The matter of late intervention is dealt with specifically by our Supreme Court.
 "Acme Cheston admittedly failed to intervene in the third party action within thirty days of its receipt of Winslow's letter and the copy of his complaint and as a result, Acme Cheston's right of action against the third parties abated, and it consequently lost any right it may have had in (Winslow's) third party recovery.
 Winslow v. Louis Shepard. Inc. 216 Conn. 533, 540 (1990)
This court notes that the Supreme Court has engrafted a further requirement upon the statutory notice of General Statutes § 31-293(a) by requiring that the notice contain an advisement of the consequences of inaction pursuant to the abatement provisions of General Statutes § 31-293(a). SeeWorsham v. Greifenberger, 242 Conn. 432,440 (1997). The notice sent to the employer in this case did contain such an advisement.
The granting of a statutory right to the employer to intervene in the action for personal injuries of the employee is a clear deviation from common law, and therefore must be strictly construed. See Dodd v. Middlesex Mutual Assurance Co.,242 Conn. 375, 383 (1997).
The employer's motion to intervene, dated September 1, 1998, was filed in this court on September 3, 1998. That motion to intervene was filed more than thirty days subsequent to the mailing of the notice (July 2, 1998) or the receipt of notice by the employer (July 7, 1998). The motion was accompanied by an intervening complaint. The law is clear that intervention would be a matter of right if timely filed. However, the attempt to intervene in this action occurred almost a month subsequent to the end of the thirty day intervention period.
The plaintiff filed his objection to the employer's motion to intervene, by objection filed September 16, 1998. Thereafter, on September 18, 1998 the plaintiff withdrew the action against the defendant.
The employer contests the employee's objection to the CT Page 11752 employer's motion to intervene. It is however, clear that the employer's right to intervene had expired prior to the filing of the motion to intervene, and hence the intervention by the employer is barred under the specific provision of General Statutes § 31-293a.
The employer claims that there has been frequent correspondence from its attorney to the plaintiff's attorney requesting status reports as to the prospect of the plaintiff commencing this new suit, under the auspices of General Statutes § 52-572, by request letters of April 5, May 5, June 17, July 7 and August 24, 1998, these letters apparently were not responded to. However requests for information by counsel for the employer directed to counsel for the employee would not constitute formal statutory notice. See LaPointe v. Casale. Inc.,12 Conn. Sup. 325, 327 (1944). Nor can the employer claim some type of waiver of the thirty day time limitation, after formal notice has been given to it by virtue of the fact that there had been prior requests for information made by its attorney. No reason has been advanced by the employer as to why it did not intervene within thirty days of the receipt of the notice on July 7, 1998.
Lastly, the employer contends that because General Statutes § 31-293 provides that the employee shall "immediately notify the other", the failure to notify the employer "immediately" after suit was commenced on March 18, or April 3, 1998 caused the employee's notice, given on July 7, 1998, to be ineffective. The employer cites no specific authority for this proposition. The case of Winslow v. Louis Shepard. Inc., 216 Conn. 533 (1990) does not support that proposition. An employer who does not receive notice from an employee concerning the institution of a third party action in accordance with § 31-293a cannot of course be barred from intervening "by the passage of time . . ." Winslow v.Louis Shepard. Inc., supra p. 537. However in the instant case the employer did receive proper notice on July 7, 1998 and hence its thirty day time limit ran from that date, and had expired prior to September 3, 1998 when the motion to intervene was filed. No contention is asserted that the inadvertent failure to return the original writ to court was an attempt to purposefully manipulate the intervention statute. The settlement and withdrawal of the complaint by the plaintiff after the expiration of the thirty day period was not improper. See Rana v. Ritacco,236 Conn. 330, 340 (1996). That withdrawal does not of course affect the jurisdiction of the court to decide these motions. CT Page 11753
The employer having failed to intervene within the thirty day period lost the right to intervene in this action. The objection to the motion to intervene is sustained.
The court does not, in this decision, address the lien provisions contained the last sentence of General Statutes § 31-293a. That matter is not before the court, which is limited to deciding the question of the motion to intervene and the objection thereto: It is noted, however, as concerns any further proceedings, that several recent Supreme Court Decisions have made reference to the lien provisions of General Statutes § 31-293a. See Nichols v. Lighthouse Restaurant. Inc.,246 Conn. 156, 167, 168, (1998) and Libby v. Goodwin Pontiac-GMC Truck.Inc., 241 Conn. 170, 178, footnote 7 (1997).
L. Paul Sullivan, J.