### ARCHIE L. GIRARD
*vs.*
### MINNIE KABATZNICK ET AL.

Superior Court      New Haven County      File No. 58411

## MEMORANDUM FILED DECEMBER 17, 1940.

*William F. Jones,* and *Vincent A. Miller,* of Waterbury, and *Watrous, Hewitt, Gumbart & Corbin,* of New Haven, for the Plaintiff.

*Bronson, Lewis, Bronson & Upson,* of Waterbury; *Israel Poliner,* of Middletown, and *Martin E. Gormley,* of New Haven, for the Defendants.

COMLEY, J. It is the purpose of the statute in question not only to give to the employer the right to maintain an action based upon the employee's original cause of action, but so to limit and define the procedure that the controversy shall be determined in one action. The statute provides that the employer's right of action shall abate only if notice has been given and he fails to act. In this application it is alleged that no notice was given, therefore, so far as that is concerned, the employer still has his right of action. The purpose of the statute is fulfilled if his right, as well as that of his injured employee, is determined in one action.

The purpose of the application is to state the grounds upon which the employer claims the right to join as a co-plaintiff. The allowance of his motion does not constitute a judgment and does not settle any question of fact. In so far as the merits of the employer's claimed cause of action against the defendants is concerned, the issue whether he comes within the statutory provisions, should be determined at the trial.

Under the peculiar circumstances apparently existing here, to allow the claim of the plaintiff is to recognize the true purpose of the statute. To deny the application to intervene is to defeat the purpose of the statute.

The application to intervene is allowed.