LAKEWOOD METAL PRODUCTS, INC. *v.* THE CAPITAL MACHINE AND SWITCH COMPANY ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued December 8, 1966—decided January 17, 1967

*Peter Marcuse,* for the appellant (Jacaruso).

*Abram W. Spiro,* for the appellee (named defendant).

*William L. Hadden, Jr.,* with whom, on the brief, were *William L. Hadden, Sr.,* and *David C. Hadden,* for the appellee (defendant Ransburg Electro-Coating Corporation).

PER CURIAM. The plaintiff instituted this action on September 16, 1964, alleging that on September 18, 1963, its employee Fiorie Jacaruso was injured as a result of a fire which occurred in an electrostatic lacquer machine which had been manufactured and installed by the defendant Capital Machine and Switch Company and which utilized an electrocoating process which had been installed by the

defendant Ransburg Electro-Coating Corporation. The complaint alleged that this injury was compensable under the Workmen's Compensation Act. General Statutes c. 568. Section 31-293 of that act authorizes an employer to maintain an action against a third party legally liable for the injuries sustained by an employee when the injured employee is entitled to compensation under the act.

The complaint contained three separate counts charging both defendants with negligence, breach of an implied warranty, and breach of an express warranty. The plaintiff claimed $10,000 damages.

On May 19, 1965, Fiorie Jacaruso, the injured employee, filed a motion for permission to intervene as a party plaintiff and to file a complaint. He alleged that he had not received notice of the institution of the action by the plaintiff as is required by General Statutes § 31-293.[1] Attached to the motion was an intervening complaint containing two separate counts, one of which charged both defendants with negligence and the other charged them with breach of an implied warranty. The intervening complaint claimed $120,000 damages. The court denied Jacaruso's motion to intervene without giving any reasons for its action, and Jacaruso has appealed.

---

[1] "Sec. 31-293. LIABILITY OF THIRD PERSONS TO EMPLOYER AND EMPLOYEE. . . . If either . . . [the injured] employee or . . . [the] employer [who has paid or is obliged to pay compensation] brings . . . [an] action against . . . [a] third person [who has a legal liability for a compensable injury to the employee], he shall forthwith notify the other, in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other fails to join as a party plaintiff, his right of action against such third party shall abate. . . ."

Both defendants now argue that the denial of the motion to intervene was proper because Jacaruso did not attempt to assert his claims against them within the one-year limitation period during which a personal injury caused by negligence is or should be discovered. General Statutes § 52-584. As we have noted, Jacaruso's intervening complaint not only sounded in negligence but also in breach of implied warranty. We need not, however, determine the efficacy of the defense presented by the defendants because it is prematurely raised.

The only statute we need be concerned with is § 31-293 of the General Statutes. It allows intervention by the employer or the employee in an action brought by the other against a third party legally liable for a compensable injury to the employee, provided such intervention is made within thirty days after notification of the action by the other has been given.

As the plaintiff never notified Jacaruso, he could not be barred from intervening by the passage of the time which this statute prescribes, because, until notice is given, the time does not begin to run.[2] Therefore, on the basis of the record before us, no reason appears why Jacaruso should be denied permission to intervene in the action which was commenced by the plaintiff, and the court erred in denying the motion.

The granting of the motion to intervene will merely allow Jacaruso to file his intervening complaint. Any pleas or motions which the parties deem appropriate can then be made. Also any defense which the defendants may wish to raise con-

---

[2] We need not decide whether the legislature, by enacting § 31-293 of the General Statutes, intended to shorten or lengthen or in any way affect statutes of limitation which might otherwise be applicable.

cerning statutes of limitation can then be pleaded as a special defense. Practice Book § 120; *Lubas v. McCusker*, 153 Conn. 250, 256, 216 A.2d 289.

There is error, the judgment is set aside and the case is remanded with direction to grant the motion to intervene.