[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO JOIN AS CO-PLAINTIFF
This is an action for personal injuries suffered by the plaintiff, Steven Jarry when he fell from the roof of a building while working at a construction site at which the defendant, Robert D. Scinto, was the general contractor. The plaintiff has received workers' compensation benefits pursuant to Chapter 568 of the General Statutes, and Tri-State Steel Erectors, Inc. ("Tri-State") moves to join as co-plaintiff and to file an intervening complaint based on its claim that it was the plaintiff's employer at the time of the accident and has become obligated to compensate him for his injuries under workmens' compensation. Plaintiff objects to the motion on the ground that Tri-State did not file its motion to intervene in the time period permitted by General Statutes 31-293.
General Statutes 31-293 provides in relevant part:
 any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter CT Page 2866 may bring an action against such other person to recover any amount that he has paid or become obligated to pay as compensation to such injured employee. If . . . such employee . . . brings such an action against such third person, he shall . . . notify the [employer], in writing, by personal presentation or by registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and [the employer] may join as a party plaintiff in such action within thirty days after such notification and, if the [employer] fails to join as a party plaintiff, his right of action shall abate.
The dispute about notice is centered on whether notice was given to Tri-State or to Capitol Erectors, Inc. ("Capitol") a corporation located at the same address as Tri-State, which plaintiff claims was his employer at the time of the accident.
Plaintiffs have appended to their objection the postal return receipt and letter addressed to Capitol, indicating that the plaintiffs notified Capitol of the pendency of the present action. Plaintiff further supports his claim that Capitol was his employer by filing miscellaneous documents which indicate that Capitol was his employer, including a letter dated November 21, 1991 from the health insurance company to Jarry, listing Capitol as the employer; a letter dated April 24, 1992 from Capitol to Jarry regarding health insurance coverage; a letter dated December 12, 1991 from Fireman's Fund, the compensation carrier to Capitol; a letter dated May 7, 1992 from the attorney representing Fireman's Fund identifying Capitol as a respondent in the workers' compensation claim; and a notice of informal hearing dated September 21, 1992 from the workers' compensation commission listing Capitol as a respondent. None of the above documents were written or signed by plaintiff Steven Jarry.
Tri-State maintains, nevertheless, that it was plaintiff's employer at the time of the accident and it did not receive notice of the third-party action. It supports its claim by various documents including a copy of the Voluntary Agreement providing for worker's compensation which identifies Tri-State as the employer and which was signed by plaintiff before a witness and approved by the commissioner on November 5, 1992; a copy of a 1991 W-2 Form showing that Tri-State paid wages to plaintiff; correspondence dated June 30, 1992 from the Worker's Compensation Commissioner to Fireman's Fund identifying Tri-State as the employer, a Worker's Compensation Form 36 CT Page 2867 regarding discontinuance or reduction of payments, which identifies Tri-State as the employer, and a copy of correspondence from the plaintiffs' counsel to the Worker's Compensation Commissioner with the caption of Steven Jarry vs. Tri-State Steel Erectors, Inc.
An employer who does not receive notice from an employee concerning the institution of a third party action in accordance with 31-293 [cannot] be barred from intervening by the passage of the time which this statutes prescribes, because, until notice is given, the time does not begin to run. Winslow v. Lewis-Shepard, Inc., 216 Conn. 533 (1990), quoting Lakewood Metal Products, Inc. v. Capital Machine Switch Co., 154 Conn. 708,710, (1967). Based on the document's submitted by the parties, we find that sufficient evidence exists to support Tri-State's claim that it was plaintiff Steven Jarry's employer at the time of the accident to permit its motion to intervene a this time, since it did not receive notice under the statute.
Motion to intervene granted.
Wagner, J.