[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This case arises out of a fall-down incident which occurred on the defendant's premises on May 7, 1991. At that time the intervening plaintiff, Mark Ronaldes (hereinafter "Ronaldes") was employed by the plaintiff, City of Hartford. Pursuant to the Workers' Compensation Act, General Statutes31-275 et seq., the City paid workers' compensation benefits to Ronaldes for the injuries and losses which he sustained.
On May 5, 1993 the City commenced this action against the defendant to recover the workers' compensation benefits paid by it, plus the present worth of any benefits which it may reasonably be anticipated to pay in the future.
On June 4, 1993, within thirty days of notice of the commencement of the City's action, Ronaldes intervened as a plaintiff in the City's action against the defendant.
The defendant has moved for summary judgment against Ronaldes by motion dated November 15, 1993, claiming that Ronaldes was required to intervene not within thirty days of notice provided by the workers' compensation statute, but within two years of the incident as provided by the statute of limitations for negligence actions (General Statutes 52-584). Thus, the issue is whether the thirty-day period for an employee to intervene in accordance with General Statutes31-293 applies in this case or whether the two-year statute of limitations for negligence actions applies.
The court holds that Ronaldes may intervene in this action. "Where an insurer authorized to bring action has instituted an action prior to the expiration of the period of limitation, the propriety of the filing by an injured employee, who is not a necessary party to the action of a complaint in intervention, which presents no new issue, after the expiration of such period has been recognized." Roland Products, Inc. v. Sanitary Waste Disposal, 23 Conn. Sup. 106,108. Furthermore, several cases have held that General Statutes 31-293 "grants to an employer who has paid workers' compensation a right to join as a party plaintiff in actions CT Page 1320 by employees against third party tortfeasors . . . provided that the right is exercised in a timely fashion . . . . An employer who does not receive notice from an employee concerning the institution of a third-party action in accordance with 31-293 `cannot be barred from intervening by the passage of the time which this statute prescribes, because, until notice is given, the time does not begin to run.'" Winslow v. Lewis-Shepard, Inc., 216 Conn. 533, 537, quoting Lakewood Metal Products, Inc. v. Capitol Machine 
Switch Co., 154 Conn. 708, 710.
The statute clearly states that "(i)f either the employee or the employer brings an action against the third person, he shall immediately notify the other . . . and the other may join as a party plaintiff in the action within thirty days after such notification." Clearly, the statute allows either the employer or the employee to intervene provided either of them does so within thirty days of notification by the other.
The Motion for Summary Judgment is denied.
Allen, State Trial Referee