[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of an automobile accident. The plaintiff, Genaro Grimaldi, alleges that on August 19, 1991, while traveling on Washington Street in Norwalk, he was struck by a taxi owned by defendant Norwalk Yellow Cab, Inc. and operated by defendant Jerome Bayard, sustaining serious injuries. The plaintiff further alleges that Bayard drove through a red light without stopping.
On January 20, 1994, the City of Norwalk ["City"] filed a motion to intervene as a party plaintiff pursuant to General Statutes 31-293, alleging that at the time of the accident, plaintiff was employed by the City, in the course of his employment, and within the scope of the Workmen's Compensation Act. The City claims that it has paid and become obligated to pay large sums of money. The City also claims that its motion was filed within thirty days of the time plaintiff gave notice of the action pursuant to 31-293. On January 27, 1994, the plaintiff filed an objection to the motion to intervene on the grounds that the motion was not timely.
"General Statutes 31-293 specifically grants an employer who has paid workers, compensation benefits to an employee the right to join as a party plaintiff in the employee's action against a third party tortfeasor." Packtor v. Seppala AHO Construction Co., 33 Conn. App. 422, CT Page 4214 430 ___ A.2d ___ (1994). Subsection (a) of the statute provides that "[i]f either the employee or the employer brings an action against the third person, he shall immediately notify the other in writing, by personal presentation or certified mail, of the action and of the name of the court to which the writ is returnable, and the other may join as a party plaintiff in the action within thirty days after such notification or his cause of action shall abate." General Statutes 31-293(a) (Rev. to 1003). "Intervention, pursuant to the Workers' Compensation Act, is controlled specifically and solely by 31-293(a)." Johndrow v. State, 24 Conn. App. 719, 720-21, 591 A.2d 815 (1991).
The plaintiff argues that even though the motion to intervene was filed within thirty days of when the City was given statutory notice, the City may not intervene because the two-year statute of limitations for negligence actions, General Statutes 52-584, has expired. The plaintiff cites Packtor v. Seppala AHO Construction Co., supra, in support of this position. In response, the City argues that Packtor, is distinguishable from the present case because in Packtor, the plaintiff employee's claim was barred by the statute of limitations. The City claims that in the present case, the plaintiff filed a timely action, so the thirty-day period commenced when the City received notice of the action from the plaintiff.
"An employer who does not receive notice from an employee concerning the institution of a third party action in accordance with 31-293 `[cannot] be barred from intervening by the passage of the time which this statute prescribes, because, until notice is given, the time does not begin to run.'" Winslow v. Lewis-Shepard, Inc., 216 Conn. 533, 537, 582 A.2d 1174 (1990), quoting Lakewood Metal Products, Inc. v. Capital Machine Switch Co., 154 Conn. 708,710, 226 A.2d 392 (1967); City of Hartford v. Corporate Janitorial, Inc., 11 CTLR 52, 53 (February 8, 1994, Allen, J.).
Packtor v. Seppala AHO Construction Co., supra, does not support the plaintiff's position. In that case, the trial court had found that because the plaintiff employee's claim was barred by the statute of limitations, the employer's right to reimbursement was likewise time-barred. Id., 425. The Appellate Court agreed, noting that "it would be illogical to grant greater rights to an employer whose rights are derivative, than to the employee from whom those derivative rights flow." Id., 431. The court also nosed that "[an] employer has no cause of action unless the employee has a cause of action." Id. CT Page 4215
The present case is distinguishable from Packtor, supra, in that this plaintiff employee does have a cause of action. Furthermore, the Appellate Court in Packtor did not indicate a departure from Winslow, supra, and Lakewood Metal Products, supra, where the Supreme Court explicitly held that the thirty-day period for a party to intervene pursuant to 31-293 does not begin to run until statutory notice of an action against a third party is given. Recent Superior Court decisions addressing motions to intervene in the context of timely actions against third parties have cited the rule in Winslow, supra, and Lakewood Metal Products, supra. See City of Hartford v. Corporate Janitorial Service, supra (court granted motion to intervene when party filed motion within thirty days of notice but after negligence statute expired, noting that thirty days begins to run when statutory notice given); Boardsen Associates v. O'Neil, 10 CTLR 531, 532 (February 14, 1994, Hendel, J.) (statutory rather than actual notice relevant for determining when thirty-day period begins to run); Kovach v. Benvenuto, 10 CTLR 625, 626 (January 20, 1994) (employer may intervene after thirty day period when notice of action not given pursuant to statute, even where employer had actual notice of action).
The plaintiff does not dispute the claim that the City filed its motion to intervene within thirty days of notification of the action by the plaintiff, pursuant to 31-293. The City should not be prejudiced by the plaintiff's failure to give notice as required by statute. Accordingly, the court overrules the plaintiff's objection to the City's motion to intervene.
KARAZIN, J.