[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARYJUDGMENT ON INTERVENING COMPLAINT
Kevin J. Maher for plaintiff.
Danaher, Tedford, Lagnese Neal for defendant.
This is a motion for summary judgment brought by defendant First National Supermarkets, Inc., against Wayne Anderson, ("Anderson"), the intervening plaintiff. Anderson has alleged that his slip and fall and the injuries resulting therefrom were caused by defendant's negligence. The accident occurred on January 2, 1990 while Anderson was in the employ of plaintiff Derby Seed Company. Anderson received workers' compensation benefits from Derby who by way of this complaint seeks reimbursement from the defendant of all sums paid to or on behalf of Anderson.
By way of complaint dated December 10, 1991 the plaintiff brought this action for reimbursement. On March 17, 1992 the plaintiff notified Anderson that the present suit had been filed, and Anderson filed a motion to intervene on April 8, 1992 which motion was granted.
The defendant moves for summary judgment, alleging that Anderson's action is barred by the applicable statute of limitations, General Statutes § 52-584.
General Statutes § 52-594 provides in pertinent part:
 "No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within two CT Page 7557 years from the date when the injury is first sustained or discovered."
It is undisputed that Anderson intervened in this action more than two years after the date of the accident. He claims, however, that the provisions of General Statutes § 31-293(a) permit the late filing in this action. Sec. 31-293(a) provides in pertinent part:
 "When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a third person other than the employer a legal liability to pay damages for the injury, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of the injured employee against the third person, but the injured employee may proceed at law against the third person to recover damages for the injury and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. If either the employee or the employer brings an action against the third person, he shall immediately notify the other, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the other may join as a party plaintiff in the action within thirty days after such notification, and, if the other fails to join as a party plaintiff, his right of action against the third person shall abate. . . ."
Anderson was given notice of the present action by letter dated March 17, 1992, and he filed his motion to intervene on April 8, 1992 less than 30 days later, but more than two years after the accident.
The issue then is as follows: Since Anderson failed to file an action against the defendant within two years of his accident, is he barred by the two-year statute of limitations (§ 52-584), or is the limitation period extended by the 30-day limit for filing the motion to intervene as provided in § 31-293(a)?
Clearly, Anderson as the employee had a right to intervene in the action pursuant to § 31-293(a) of the General Statutes so long as he did so within thirty days of receiving the notice provided by CT Page 7558 the workers' compensation statute. That does not mean, however, that only § 31-293(a) controls the period during which the employee can bring an action against a negligent third party. After his intervention any defense which the defendant may wish to raise concerning statute of limitations can be pleaded as a special defense. Lakewood Mental Products, Inc. v. Capital Machine Switch Co., 154 Conn. 708.
The court finds that the intervening plaintiff could have brought his own action within the two-year time limitation of § 52-584. "When that right expires it is not revived for an additional thirty days after the employer brings an action against the third party and gives notice of it to the employee. Stated another way, when the employer's action against the third party brings § 31-293(a) into play, the employee must comply with both it and § 52-584." Town of Stratford v. Thomas Williams, et al., Superior Court at Bridgeport, No. CV 91287478S, 10 Conn. L. Rptr. No. 5, 146 (1993).
Accordingly the defendant's motion for summary judgment is granted.
ALLEN, STATE TRIAL REFEREE.