[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO INTERVENE
The plaintiff commenced this action against the defendant on March 2, 1994, seeking damages for injuries sustained in the course of his employment on March 19, 1992. His employer, the Town of Hamden, paid certain workers' compensation benefits on his behalf. The Town never received the notice required by General Statutes § 31-293 (a) that the plaintiff had commenced this direct action against the alleged tortfeasor. On December 8, 1994, the Town moved to intervene for the purpose of recovering the benefits it had paid on the plaintiff's behalf. General Statutes § 31-293 "allows intervention by the employer or the employee in an action brought by the other against a third party legally liable for a compensable injury to the employee, provided such intervention is made within thirty days after notification of the action by the other has been given."Lakewood Metal Products, Inc. v. Capital Machine Switch Co.,154 Conn. 708, 710 (1967). The time does not begin to run until the party receives notice of the action. Id. See also, Winslowv. Lewis-Shepard, Inc., 216 Conn. 533, 537, 582 A.2d 1174 (1990).
However, granting a motion to intervene does not guarantee that the third party's cause of action will be allowed to continue. "The granting of the motion to intervene will merely allow [the intervenor] to file his intervening complaint. Any pleas or motion which the parties deem appropriate can then CT Page 16 be made. Also, any defense which the defendants may wish to raise concerning statutes of limitations can then be pleaded as a special defense." Id., 710-11.
Where an employer or an employee files a motion to intervene, the court must allow the intervention if a proper application was made within 30 days of receipt of notice.Hallenbeck v. St. Mark the Evangelist Corp., 29 Conn. App. 618,625 (1992). This is true "even when the intervening complaint is filed beyond more than two years from the date of the accident and would be barred by § 52-584." Town of Stratford v. Williams,10 Conn. L. Rptr. 147, 148 (October 1, 1993, Fuller, J.), citingRowland Product, Inc. v. Sanitary Waste Disposal Co., 23 Conn. Sup. 106
(1961). The case of Cote v. Boudreau, 20 Conn. Sup. 28
(1956) is distinguishable, because "the defendant did not plead the statute of limitations against the intervening plaintiff, and the court held that the right to intervene under § 31-293 was not precluded by the fact that the motion to intervene was filed after the expiration of the statute of limitations in § 52-584."Town of Stratford v. Williams, supra, 10 Conn. L. Rptr. 148.
Once the intervenor has been allowed to intervene, "any defense which the defendant may wish to raise concerning statute of limitations can be pleaded as a special defense." Derby FeedCompany v. First National Supermarkets, Inc.,12 Conn. L. Rptr. 235
(July 27, 1994, Allen, J.). In Packtor v. Seppala AHOConstruction Co., 33 Conn. App. 422, 431 n. 13, 636 A.2d 383
(1994), the court noted that the "employer could have exercised its right to commence a direct action against the third party tortfeasor under General Statutes § 31-293 within the applicable limitation period regardless of the employee's inaction." "Packtor's injury occurred on September 13, 1987. Stop Shop did not initiate any action until it filed a motion to intervene on August 27, 1990, well beyond the two year statute of limitations." Id., 432. Accordingly, summary judgment had been properly granted by the trial court. Id. In the present case, the plaintiff also could have commenced action directly against the tortfeasor. Whether or not the Town had received notice of this action, it knew, or should have known, that it had a right to sue Sarracco directly, and that this right was subject to the two year statute of limitations provided by General Statutes § 52-584.
Additionally, it makes no difference that the employer is the intervenor in the present case. "As the statute's CT Page 17 unambiguous language indicates, the nonparty's right of action abates whether the nonparty is the employer or the employee. Identical language applies to both employers and employees; therefore, they must be treated identically." Reichert v.Sheridan, 34 Conn. App. 521, 528, ___ A.2d ___ (1994).
Although the motion to intervene is therefore timely under General Statutes § 31-293 (a), the court cannot help but observe that its filing comes long after the expiration of the two year statute of limitations provided in General Statutes § 52-584. Although its victory may be short-lived, the Town's motion to intervene must be granted.
Jonathan E. Silbert, Judge