[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
In this case a motion for summary judgment has been filed. None of the facts necessary for its resolution are in dispute and the resolution of the motion requires a decision on a matter of law.
The underlying facts arise out of a slip and fall by an employee of a pizza delivery service on May 6, 1991. The employee brought suit within the two year statute of limitations against the defendant tortfeasor. The intervening plaintiff filed a motion to intervene on May 7, 1993 to recover worker s compensation benefits paid as a result of the plaintiff's injuries. By way of a special defense the defendant has pleaded that the intervening plaintiff's claims are barred by the statute of limitations and the defendant moves for summary judgment as to that defense.
The applicable statute of limitations is Section 52-584
which provides for a two year period within which to commence an action for negligence.
Here, although the employee brought his action within two years, he did not commence his action until April 30, 1993. He gave notice of the commencement of the action but as noted the intervening plaintiff did not attempt to intervene until May 7, 1993-several days after the two year limitation on the underlying negligence action.
The intervening plaintiff in opposing the motion for summary judgment relies on Section 31-293 which it says gave it thirty days from receiving notice of the commencement of the employee's action within which to intervene in the employee's case despite the fact that the thirty day extension went beyond the two year period from the date the employee received his injuries. CT Page 6413
Section 31-293 in relevant part states:
 . . . "If either such employee or such employer brings such action against such third party he shall forthwith notify the other, in writing, by personal presentation or registered or certified mail, of the name of the court to which the writ is returnable, and such other may join as a party plaintiff to such action within thirty days after such notification, and if the such other fails to join as a party plaintiff, his right of a action against such third party shall abate. . ."
No appellate cases have addressed this issue. LakewoodMetal Products Inc. v. Capital Machine Switch Co.154 Conn. 708 (1967) is a per curiam decision involving a situation where an employer brought a suit to recover workers' compensation benefits against the party causing the injuries to its employee. The plaintiff employer failed to give notice of the institution of the to the employee action as provided for by § 31-293 and the employee did not move to intervene as a party plaintiff until after the statute of limitations had run. The court denied the motion to intervene but the Supreme Court reversed. The court said the only statute is was concerned with for the purpose of the case was § 31-293. Therefore the employee "could not be barred from intervening by the passage of the time which the statute prescribes (thirty days), because until notice is given, the time does not begin to run", Id. page 710. The court explicitly said in a footnote on the same page that it needn't decide for the purposes of this case whether by passage of § 31-293 the legislature intended to "intended to shorten or lengthen or in any way affect statutes of limitation." The court concluded by saying that by permitting intervention the defendant in no way was precluded from raising a defense under the statute of limitations.
In Packtor v. Seppala SHO Construction Co.33 Conn. App. 422 (1994) the trial court was upheld in its granting of motions for summary judgment against the employee and the employer who had intervened in the action. The court merely held that where the employee's action was barred by the statute of limitation the employer's action must also fail. It described the employer's action as "an independent derivative action", it is in effect "one of subrogation to the CT Page 6414 right of the injured employee" Id. p. 430. It went on to say that: "an employer has no cause of action unless the employee has a cause action", Id. p. 431. In dicta the court did say it agreed with the employer that it'd be "inequitable" to bar an intervention by the employer just because the employee failed to file his or her action within the applicable limitation period and then said "We do not bar the employer on that ground." But it noted in footnote 13 that the employer could have brought its own direct action against the third party tortfeasor under § 31-293 within the applicable limitation period regardless of the employee's inaction, Id. pp. 430-431. The dicta then appears to be self-cancelling when read all together.
The language of the statutes concerned, specifically § 31-293, gives no guidance as to an appropriate resolution of the issue before the court. Absent controlling case authority and statutory direction the question becomes what's the fairest result given the underlying policy considerations.
In a situation where the employee has brought his or her action within the period of the statute of limitation but has waited until the end of the applicable period to give notice it would be difficult to comprehend what justifiable interest the employee has that should be protected by invalidating the employer's claim because it was brought within the thirty day period of § 31-293 but beyond the applicable statute of limitations of the employee's underlying action. By permitting the employer's intervention to withstand a statute of limitation defense the employee is not prevented from securing that recovery which he would otherwise have been entitled to under the law and apart from the existence of § 31-293. In fact recognizing the right of employer intervention as against a statute of limitations defense prevents an unfair double recovery by the employee and avoids encouraging employees from waiting to the last minute before bringing their own suit to the prejudice of the employer's interest, cf. Taylor Jr. v. Corme Textile Services Inc. 11 Conn. L Rptr 371, 373 (1994), cf. Grimaldi v. Bayard et al 11 Conn. L Rptr 338, 339 (1994).
It is also difficult to see how the defendant tortfeasor can justifiably assert a statute of limitations defense to the employer's intervention under these circumstances. An analogy to the relation-back doctrine when the issue is whether an CT Page 6415 amendment to a complaint should be allowed is instructive. Certainly statutes of limitation serve an important function of putting a limit and scope on the viability of actions so that people can get on with their lives and be assured that they can fairly and effectively defend claims against themselves. But when a party already has notice of an underlying claim by the commencement of suit the relation back doctrine under Federal Rule 15(c) and our application of it,Sharp v. Mitchell 209 Conn. 59 permits the amendment and analyzes the issue in terms of whether the defendant received fair notice of the new claim by the original suit — fair notice after all is a primary concern of statutes of limitation. Here the defendant tortfeasor by being sued within the statutory time period by the employee can hardly claim lack of notice of the underlying incident which gives rise to its liability. The employer's action here after all is a purely derivative action and doesn't even assert a "new claim" against the tortfeasor but merely directs how the recovery will be apportioned if there is a recovery.
Viewed in this context the argument that under § 31-293
the employer could have brought its own suit within the applicable statutory period and thus shouldn't be given a thirty day grace period from the date of receiving notice of a suit by an employee even though its intervention would occur after the expiration of the underlying statute of limitations misses the point. The "protection" the tortfeasor receives by putting a thirty day limit on employer intervention is all that the tortfeasor is entitled to receive. It shouldn't be used as a weapon to defeat the employer's intervention before that time period has expired when under traditional notions of what interests statutes of limitation are fairly designed to protect the defendant tortfeasor has no valid reason to oppose the intervention.
In fact the imposition of the thirty day limitation against employer intervention is what may be unfair. The Texas Supreme Court had some instructive language on this point in refusing to dismiss the worker's compensation insurance carrier's subrogation claim although the carrier didn't bring its action until after the expiration of the statutory limitation on the employee's underlying action:
 "But because the subrogation claim is derivative of the employee's rights we CT Page 6416 hold that it accrues at the same time the employees action against the third party accrues. If the employee brings an action against the third party within two years of the date that action accrues, then the running of the statute is tolled as to the carrier and the carrier may intervene in that action at any time. This will prevent an employee's delay in bringing suit from prejudicing the carrier's subrogation rights"
Guillot et al v. Hix 838 S.W.2d 230, 235 (Tex 1992)
Our legislature was not willing to go that far and put a thirty day limitation on intervention by employer's after notice of the commencement of the employee's underlying suit. However, that change or modify the derivative nature of such an intervention before the expiration of the thirty day suit.
Also by saying the employer could have intervened within the applicable limitation period even if the employee didn't bring suit, is no reason to deny intervention in a case like this because it is unfair and unpractical for reasons in addition to those previously mentioned. It is the employee's underlying action which gives the employer any rights it might have to recoup what was expended for worker's compensation. The employee has more direct and intimate knowledge of the basis of his or her cause of action and is best prepared to bring any action initially. In a case where the employee in fact did bring suit it would be unfair to reward the employee for his or her brinksmanship by waiting to the last moment. For the reasons previously discussed it's hard to see what interest of the defendant tortfeasor is being unjustifiably harmed by permitting intervention within the thirty day period although it might extend beyond the statute of limitations of the underlying action for a few weeks.
It is true that there have been cases which have sustained statute of limitations period for defenses where the employer did bring suit within the limitations period for the underlying action and the employee tried to intervene at a point beyond that period but within the thirty days provided for intervention by § 31-293, Stratford v. Williams et al
10 Conn. L Rptr 146 (1993), Hamilton Standard v. Brewer Electric
CT Page 6417 12 Conn. L Rptr 233 (1994). But the considerations involved when an employee tries to intervene in an employer's action after the limitations period has expired but within the thirty period of § 31-293 are different. The threat of double compensation is not present. The defendant tortfeasor is also facing a new claim in the sense that he is exposed to make reimbursement not merely for workers' compensation benefits but possibly substantially new claims by an employee who asserts his injuries far exceed any benefits received under the act. No ascertainable policy objective would be achieved, it could be argued, by giving a thirty day grace period to sue under § 31-293 to an employee who had a right to sue the defendant tortfeasor apart from and antedating any provisions of the workers' compensation act.
The case of the employee is not before me but I must admit that even in the case of an employee reasons of fairness might dictate that the employee be allowed to avoid a statute of limitations defense if he or she intervenes in a situation where the employer has brought suit within the statutory period and the intervention is within the thirty day period provided for in § 31-293. Somehow it seems unfair to me to have a statute that says for example a negligence action must be brought within two years and to have another statute that says where an employer brings an action the employee can intervene or where an employee brings an action an employer can intervene as long as it's done within thirty days, and then say to either intervenor your thrown out of court on a limitations defense although the first action, which inspired the intervention, was brought within the limitations period. A person of ordinarily intelligence reading the statutes together could reasonably claim to have been misled if such a result were to occur. That's enough reason to rule also for the employee in this type of scenario without having to resort to hair splitting disputes about derivative actions, pre-existing common law rights, tolling of statutes etc. After all we're talking only about thirty more days here not a life time of exposure to suit so reasons of fairness needn't be ignored.
In any event the motion for the summary judgment is denied for the reasons stated.
Corradino, J. CT Page 6418