[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO INTERVENE (#107)
On May 4, 1995, the court granted the motion of United Illuminating Company to intervene and to file an intervening complaint in the above-entitled action. In granting the motion the court acted on the mistaken belief that the plaintiffs had no objection thereto. Later, after it was brought to the court's attention that the plaintiffs had filed a timely objection with a supporting memorandum, the court granted the plaintiffs' motion to reargue the motion to intervene.
The court considered the parties' oral arguments on June 29, 1995, and has reviewed the memoranda of law on file.
The motion to intervene is predicated on the language of Sec.31-293(a) of our General Statutes which authorizes an employer to intervene in an action brought by an employee, in this case the plaintiff William Harkins, against a third party in which a legal liability to pay damages is created in the third party as a result of a work related injury. The plaintiff William E. Harkins' revised complaint is directed against his own uninsured motorist insurance carrier. It is the court's belief that the plaintiff does not seriously dispute his employer's claim that he (the plaintiff) was acting within the scope of his employment at the time of the occurrence which has given rise to the lawsuit. In any event, workers' compensation payments were made to, or for the benefit of, the plaintiff, the amount of which the employer seeks to recover through its intervening complaint.
The plaintiffs' objection to the motion to intervene is based on their claim that the named defendant is not a "third party" within the meaning of Sec. 31-293(a) of the Statutes. The plaintiffs argue that any liability of the defendant is contractual, between it and the plaintiffs as purchasers of the CT Page 7521 policy of insurance. Additionally, the plaintiffs assert that the policy excludes payment of damages of the kind sought to the proposed intervening plaintiff, and, hence, no recovery should be permitted.[1]
Issues of liability should not be conclusively determined in the context of the motion presented. What the plaintiffs seek is tantamount to a summary judgment which will extinguish the statutory right of the employer. The motion to intervene is not a proper vehicle to achieve this end:
 "The purpose of the [motion] is to state the grounds upon which the employer claims the right to join as a co-plaintiff. The allowance of [its] motion does not constitute a judgment and does not settle any question of fact. Insofar as the merits of the employer's claimed cause of action against the defendant is concerned, the issue . . . should be determined at trial."
 Girard v. Kabatznick, 9 Conn. Sup. 68, 69 (1940).
Granting of the motion to intervene will not deprive the parties, including the defendant, of the right to file any appropriate pleas or motions to address issues of concern. Lakewood MetalProducts, Inc. v. Capital Machine Switch Co., 154 Conn. 708,710 (1967).
The court's order granting the motion to intervene is affirmed.
Gaffney, J.