[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#116)
On July 10, 1993, the plaintiff, Virginia Cummins (Cummings) filed a complaint against the defendants, High Ridge Park Associates (High Ridge) and F.D. Rich Management Company Inc. (F. D. R.).
In her complaint, Cummins alleges that she was injured on March 17, 1993 when she fell on the wet floor in the lobby of 3 High Ridge Park, Stamford, Connecticut. Cummings further alleges that this lobby was owned by High Ridge and was controlled, maintained, and/or managed by F.D.R.
On September 6, 1995, Citizens Utility Company (Citizens), who had paid workers' compensation benefits to Cummins, filed a motion to intervene as a co-plaintiff pursuant to General Statutes § 31-293 (a). The defendants did not object to Citizens' motion to intervene, and, on September 19, 1995, Judge Ryan allowed Citizens to intervene as a co-plaintiff. On December 28, 1995, in response to Citizens' intervening complaint, the defendants filed an amended answer which asserts, as a second special defense that, under General Statutes § 52-584, the statute of limitations bars Citizens' claim.[1]
On January 23, 1996, Citizens filed a motion to strike the defendants' second special defense on the grounds that it "improperly alleges a statute of limitations bar to Citizens' claim[,] and "in the context of an action brought by an employer under § 31-293, a statute of limitations defense is irrelevant and, as a matter of law, cannot be raised by the defendants." Along with their motion to strike, Citizens filed a memorandum of law in support of the motion. On February 29, 1996, Cummins filed a memorandum of law in opposition to Citizens' motion to strike.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v.Bassman, 221 Conn. 465, 472073, 604 A.2d 814 (1992). A motion to strike tests the legal sufficiency of a pleading. Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). The motion to strike may be used to test the legal sufficiency of a special defense. Practice Book § 152; see also Ivey, Barnum O'Marav. Indian Harbor Properties, Inc., 190 Conn. 528, 530 n. 2,461 A.2d 1369 (1983). The court must deny a motion to strike, however, "if facts provable under the allegations would support a CT Page 9379 defense[.]" Mingachos v. CBS, Inc., 196 Conn. 91, 109,491 A.2d 368 (1985).
Citizens argues that General Statutes § 52-584 does not apply to an action where an employer, who is seeking workers' compensation reimbursement, moves to intervene in an employee's action against a third party. In opposition, Cummins argues that an employer must intervene within the limitations period of General Statutes § 52-584 to be timely.
General Statutes § 52-584 in relevant part states: "No action to recover damages for injuries to the person . . . caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered, or in the exercise of reasonable case should have been discovered, and except that no action may be brought more than three years from the act or omission complained of. . . ." Additionally, General Statutes §31-293, in relevant part, states: "If either such employee or such employer brings such action against such third party, he shall forthwith notify the other, in writing, by personal presentation or registered or certified mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as a party plaintiff to such action within thirty days after such notification, and, if the such other fails to join as a party plaintiff, his right of action against such third party shall abate."
In their second special defense, the defendants assert that Citizens' action is barred by General Statutes § 52-584
(imposing a two-year limitation on negligence claims) and, in their third special defense, the defendants assert that Citizens' action is barred by General Statutes § 31-293 (requiring that co-plaintiff intervene within 30 days after receiving notice of other party's claim).
The Connecticut Supreme Court has declined to determine what effect, if any, General Statutes § 31-293 has on any other applicable statute of limitations. See Lakewood Metal Products,Inc. v. Capital Machine Switch Co., 154 Conn. 708, 710 n. 2,226 A.2d 392 (1967). However, Cummins argues that the intervention must be timely under General Statutes § 52-584 and cites to a Connecticut Appellate Court decision for support. Packtor v.Seppala AHO Construction Co., 33 Conn. App. 422, 636 A.2d 383, appeal dismissed, 231 Conn. 367, 650 A.2d 534 (1994). In Packtor, CT Page 9380 an employer sought to intervene in an employee's action against a third party for injuries to the employee. Id., 424-25. The defendants in Packtor successfully moved for summary judgment against both the employee and the intervening employer. Id., 425-26. In granting the defendant's motion, the court reasoned that both the employee's direct case and the employer's intervention were untimely under General Statutes § 52-584
because both were filed two years after the date of the injury. Id., 431-32.
Several cases are found in which courts allowed an employer seeking reimbursement for workers' compensation to intervene in an employee's action against a third party as long as the employer had intervened within thirty days of notification, even though the employer's claim otherwise would have been barred by the statute of limitations. See Hannon v. Meriden SquarePartnership, Superior Court, judicial district of Waterbury, Docket No. 117279 (April 25, 1996, Sullivan, J.); Corbiel v. RussStreet Association, Superior Court, judicial district of Hartford, New Britain at Hartford, D Docket No. 524880 (June 29, 1995, Corradino, J., 14 Conn. L. Rptr. 441); Corcoran v. Kurtyka, Superior Court, judicial district of Ansonia-Milford, Docket No. 30462 (June 13, 1994, Rush, J., 9 CSCR 602); Taylor v. CoyneTextiles Services, Inc., Superior Court, judicial district of New London, Docket No. 523206 (May 30, 1994, Leuba, J.,11 Conn. L. Rptr. 371); Rowland Products, Inc. v. Sanitary Waste DisposalCo., 23 Conn. Sup. 106 (1961).
Nevertheless, several cases are found where the courts have imposed the General Statutes § 52-584 statute of limitations on intervening employers. See Wonacott v. Northeast Utilities, Superior Court, judicial district of Hartford-New Britain, Docket No. 537660 (October 10, 1995, Sheldon, J.); City of Hartford v.Corporate Janitorial Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 524736 (October 25, 1994, Allen, S.T.R.); Hamilton Standard v. Brewer Electric, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 397565 (August 1, 1994, Wagner, J.);Sarracco v. Warner, Superior Court, judicial district of New Haven at Meridan, Docket No. 245634 (January 4, 1994, Silbert, J.).
The courts that do not accept a defendants' General Statutes § 52-584 statute of limitations defense against intervening employers, give the following reasons for permitting an employer CT Page 9381 to intervene more than two years after an employees' accident. First, some courts interpret Packtor as emphasizing that an employer's cause of action is derivative of the employee's cause of action. See, e.g., Hannon v. Meriden Square Partnership, supra; Corbiel v. Russ Street Association, supra. Second, some courts reason that General Statutes § 31-293 exclusively governs the employer's right to obtain reimbursement from a third party. See, e.g., Corcoran v. Kurtyka, supra; Taylor v. CoyneTextiles Services, Inc., supra. Third, some courts are concerned that holding otherwise would encourage employees to wait until the last minute before filing a claim against a third party in hopes of collecting double recovery. See, e.g., Taylor v. CoyneTextiles Services, Inc., supra; Corbiel v. Russ StreetAssociation, supra.
Nevertheless, other courts have interpreted Packtor as requiring employers to intervene within two years of the employees' injury and have granted summary judgment in favor of defendants who have asserted General Statutes § 52-584 as a special defense. See, e.g., Wonacott v. Northeast Utilities, supra; City of Hartford v. Corporate Janitorial Inc., supra;Hamilton Standard v. Brewer Electric, supra. In Wonacott, supra, the court reasoned that "[t]he upshot of Packtor is clear and unambiguous: that an employer's action seeking reimbursement from an alleged third party tortfeasor for monies paid out in Workers' Compensation benefits to an injured employee must be initiated by the employer, either by intervening in its employee's pending action or by commencing its own direct action, within the same period of limitation in which the employee's own action must be filed. An employer cannot excuse itself from filing its own action or intervention until the limitation period has run by pointing to its lack of timely notice of its employee action before the expiration of that period. Because the right to file its own, albeit derivative, action against the alleged third party tortfeasor remains alive and well throughout the limitation period, the employer must assert its own rights during that period or, like the employer who fails to commence a timely action, be barred forever from asserting them."
The court opinions in Wonnacot v. Northeast Utilities, supra;City of Hartford v. Corporate Janitorial Inc., supra; andHamilton Standard v. Brewer Electric, supra, present a more convincing interpretation of Packtor than that of Hannon v.Meriden Square Partnership, supra; Corbiel v. Russ StreetAssociation, supra; and Corcoran v. Kurtyka, supra. Accordingly, CT Page 9382 this court denies Citizens' motion to strike.
KARAZIN, J.