## SAMUEL PACKTOR *v.* SEPPALA AND AHO CONSTRUCTION COMPANY, INC., ET AL. (14914)

PETERS, C. J., and BORDEN, KATZ, PALMER and F. X. HENNESSY, Js.

Argued October 25—decision released November 22, 1994

*David A. Leff,* for the appellant (plaintiff).

*Lawrence A. Ouellette, Jr.,* with whom, on the brief, was *Rene G. Martineau,* for the appellee (defendant J.M.H. Associates).

PER CURIAM. The dispositive issue in this certified appeal is whether an employee who was injured in the course of ascending an interior stairway in the normal course of his employment may pursue a statutory cause of action under General Statutes §§ 29-389 and 29-391[1]

---

[1] General Statutes § 29-389 provides in relevant part: "STAIRWAYS AND FIRE ESCAPES ON CERTAIN BUILDINGS. Each story of a building used . . . as a store in which more than six persons are employed . . . shall be provided with not less than two remote means of egress. Each story above the first story of each such building shall be provided with not less than two remote means of egress by stairways on the inside or fire escapes on the outside of such building. Such stairways and fire escapes and passage-ways providing access thereto shall be constructed, designed, maintained and located in accordance with regulations issued under the provisions of section 29-292, which regulations shall provide for free and unobstructed

against the owner of the building where he was employed. Both the trial court and the Appellate Court concluded that, in the circumstances of this case, the plaintiff, Samuel Packtor, had not stated a claim for relief against the defendant J.M.H. Associates, the owner of the building in which the plaintiff was injured. *Packtor* v. *Seppala & AHO Construction Co.*, 33 Conn. App. 422, 427–28, 636 A.2d 383 (1994). We granted the plaintiff's petition for certification to review the merits of this conclusion.[2]

egress from all parts of such building when the building is occupied and shall avoid undue danger to the lives and safety of its occupants from fire, smoke, fumes or resulting panic during the period of time reasonably necessary for escape from such building in case of fire or other emergency. No locks or other fastenings to prevent free escape from the inside of such building shall be installed except in mental, correctional or corrective institutions where supervisory personnel is continually on duty and effective provisions are made to remove occupants in case of fire or other emergency. A ladder affixed to any of the premises herein described shall not be considered a fire escape within the meaning of this section. This section shall not apply to any building used for residence or business which conforms to the stairway, fire escape and egress requirements of the state building code and state fire safety code."

General Statutes § 29-391 provides in relevant part: "LIABILITY OF OWNER OF BUILDING. In any case in which any person suffers injury or in which the death of any person ensues in consequence of the failure of the owner of any building to provide the same with fire escapes or stairways as required by the provisions of sections 29-389 . . . such owner shall be liable to any person so injured for damages for such injury . . . . It shall be no defense to any action for the recovery of such damages that the person injured or whose death ensued as aforesaid had knowledge that such building was not provided with fire escapes or stairways as required by said sections or that such person continued to work in or to occupy such building with such knowledge. The owner of any building or, if such owner is non compos mentis or a minor, the guardian of such owner or, if such owner is a nonresident, the agent of such owner having charge of such property who fails to comply with the provisions of sections 29-389 and 29-390 shall be fined not less than one hundred dollars nor more than five hundred dollars or imprisoned not more than three months or be both fined and imprisoned."

[2] We granted the plaintiff's petition for certification to appeal, limited to the following issue: "In the circumstances of this case, did the plaintiff state a cause of action under General Statutes §§ 29-389 and 29-391 even though he was not injured while attempting to escape a building during a fire or other similar emergency?" *Packtor* v. *Seppala & AHO Construction Co.*, 229 Conn. 901, 640 A.2d 117 (1994).

After reviewing the briefs, the record and the arguments of counsel, we are persuaded that the availability of a statutory cause of action under §§ 29-389 and 29-391 depends upon a factual predicate that the plaintiff has not established. For a building that lacks emergency stairways such as external fire escapes, the statutes provide a cause of action for egress from a building "in case of fire or other emergency." Whatever the reach of these statutory claims may be, they do not encompass the case of a person like the plaintiff who was injured while climbing up to a second floor interior workspace. This dispositive issue was fully considered in the opinion of the Appellate Court; id.; and it would serve no useful purpose for us to repeat the discussion contained therein. See *Fleet Bank of Connecticut* v. *Dowling*, 225 Conn. 447, 449, 623 A.2d 1005 (1993).

Because the factual circumstances of this case do not furnish us a full and reasoned opportunity to consider the underlying issue of the scope of §§ 29-389 and 29-391, we conclude that the plaintiff's appeal should be dismissed on the ground that certification was improvidently granted. See *L. & L. Builders, Inc.* v. *Parmelee*, 221 Conn. 203, 206, 602 A.2d 1016 (1992); *Shaham* v. *Capparelli*, 219 Conn. 133, 135, 591 A.2d 1269 (1991); *Lawler* v. *Lawler*, 212 Conn. 117, 119, 561 A.2d 128 (1989).

The appeal is dismissed.