CHARLES NICHOLS *v.* THE LIGHTHOUSE
RESTAURANT, INC., ET AL.
(AC 16325)

O'Connell, C. J., and Landau and Spallone, Js.

Argued May 2—officially released September 16, 1997

*James D. Moran, Jr.*, with whom was *James L. Sulli-van*, for the appellant (intervening plaintiff).

*John B. Farley*, with whom was *Kevin M. Roche*, for the appellee (named defendant).

*Opinion*

O'CONNELL, C. J. The intervening plaintiff, Henkels & McCoy, appeals from a summary judgment rendered against it in a negligence action arising out of a workers' compensation claim. The sole issue is whether an employer's right to intervene in its employee's action, asserting a claim to recover workers' compensation benefits from a third party tortfeasor, is subject to the applicable two year statute of limitations without regard to the timing of the employee's action.[1]

The plaintiff, Charles Nichols, commenced this negligence action on August 4, 1993, after he sustained injuries in a fall on August 20, 1991, while he was at the defendant restaurant, The Lighthouse Restaurant, Inc. On September 1, 1993, the plaintiff's employer, Henkels & McCoy, intervened as a plaintiff seeking reimbursement for sums it had paid to the plaintiff under the Workers' Compensation Act. General Statutes § 31-275 et seq. The restaurant moved for summary judgment on the intervening complaint, arguing that the two year statute of limitations applicable to negligence causes of action under General Statutes § 52-584 barred the intervening complaint.[2] The trial court granted the

[1] General Statutes § 31-293 (a) provides in relevant part: "When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in a person other than an employer who has complied with the requirements of subsection (b) of section 31-284, a legal liability to pay damages for the injury . . . [the] employer . . . having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. If the employee, [or] the employer . . . brings an action against such person, he shall immediately notify the others, in writing . . . and the others may join as parties plaintiff in the action within thirty days after such notification, and, if the others fail to join as parties plaintiff, their right of action against such person shall abate. . . ."

[2] General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence . . . shall be brought but within two years from the date when

motion for summary judgment in favor of the restaurant and the intervening plaintiff appealed. We affirm the trial court's judgment.

Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted; internal quotation marks omitted.) *Thompson & Peck, Inc.* v. *Division Drywall, Inc.*, 241 Conn. 370, 374, 696 A.2d 326 (1997).

As a preliminary matter, it is important to correct the fallacy in the intervening plaintiff's argument where it confuses the statute of limitations and the thirty day filing period provided by statute to an intervening third party. The intervening plaintiff mistakenly assumes the two concepts are related and misapplies *Lakewood Metal Products, Inc.* v. *Capital Machine & Switch Co.*, 154 Conn. 708, 226 A.2d 392 (1967).

In *Lakewood Metal Products, Inc.*, the employee filed a motion for permission to intervene as a plaintiff, but did so beyond both the statute of limitations period and the thirty day filing period. The employee alleged that he had not received notice of the underlying complaint that was filed by the plaintiff, his employer, and was, therefore, entitled to intervene. Id., 709. The defendants argued that the employee should not be permitted to intervene because he failed to assert his claim within the applicable statute of limitations period. Id., 710.

Our Supreme Court stated: "We need not . . . determine the efficacy of the defense presented by the defendants because it is prematurely raised. . . . The only

the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered . . . ."

statute we need be concerned with is § 31-293 of the General Statutes. It allows intervention by the employer or the employee in an action brought by the other against a third party legally liable for a compensable injury to the employee, provided such intervention is made within thirty days after notification of the action by the other has been given.

"As the plaintiff never notified [the employee], he could not be barred from intervening by the passage of the time which this statute prescribes [thirty days], because, until notice is given, the [thirty days] does not begin to run. . . . The granting of the motion to intervene will merely allow [the employee] to file his intervening complaint. . . . [A]ny defense which the defendants may wish to raise concerning statutes of limitation can then be pleaded as a special defense." Id., 710–11.

The court, therefore, held that the thirty day filing period does not begin to run until notice is given. Id., 710. This issue is separate and distinct from a statute of limitations defense. As in *Lakewood Metal Products, Inc.*, a party may be entitled to intervene beyond the statute of limitations period simply because notice to that party was never given. The intervention invariably remains subject to a statute of limitations defense.

In the present case, there is no dispute that the intervening plaintiff was notified of the plaintiff's underlying complaint and that it intervened within thirty days of that notice. The only issue here is whether the statute of limitations bars the intervening plaintiff's claim.

That issue—whether an employer has a right to intervene in an employee's lawsuit beyond the two year statute of limitations asserting a claim to recover workers' compensation benefits from a third party tortfeasor—was squarely addressed by this court in *Packtor v. Seppala & AHO Construction Co.*, 33 Conn. App.

422, 636 A.2d 383, appeal dismissed, 231 Conn. 367, 650 A.2d 534 (1994). We held that no such right exists.

The facts in *Packtor* differ only slightly from those presently before the court. In *Packtor*, neither the employee nor the employer successfully filed an originating complaint against the third party tortfeasor within the applicable two year limitations period. For that reason, this court concluded that any possible intervention as plaintiff would be barred. Id., 432. In the present case, however, the plaintiff brought his lawsuit within the two year period, but the intervening plaintiff failed to file its intervening complaint until the statute of limitations period had lapsed. The intervening plaintiff mistakenly asserts that this factual distinction is sufficient to distinguish *Packtor* from this case. We do not agree.

The court in *Packtor* did not base its holding on whether the *employee* filed his action within the two year period when it determined the validity of the employer's intervention as a plaintiff. Therefore, we find no support for the intervening plaintiff's contention that the statute of limitations is tolled during the thirty day filing period for an employer, when it is found that an employee did, in fact, assert a timely claim. Indeed, the *Packtor* court stated: "An employer who has paid, or by award has become obligated to pay, compensation *may also* sue the third party in his own name directly for reimbursement. If *either* the employer or the employee sues the third party, the other is entitled to notice and an opportunity to join in the action. . . . The issue we must determine is whether the employer's action is *itself* timely filed. . . . An employer has no cause of action unless the employee has a cause of action. . . . The action is not barred, however, by the employee's procedural failure but by the *failure of the employer* to bring suit in a timely manner." (Citations omitted; emphasis added.) Id., 430–31.

Thus, the *Packtor* court concluded that an employer has a right either to file a lawsuit against the third party tortfeasor or to intervene as a plaintiff to recover workers' compensation benefits paid to an injured employee. Id. Each action is independent, and each is itself subject to the statute of limitations period without regard to the timeliness of any legal proceeding initiated by the injured employee. Since the employer has the option to file a lawsuit at any time during the two year statute of limitations period and may do so *before* the employee takes any legal action, it would be illogical to hold that the employer's rights flow out of, or are contingent on, the time at which the employee commences the litigation.

An employer's rights against a third party tortfeasor are derivative only in the sense that "the right of the employer depends upon the employee's right to the extent that he has no cause of action unless the employee . . . has a cause of action, and he cannot recover any more than the employee himself . . . could recover. Subject to those limitations, the right which the employer is given by the statute is his. It is not the right of the employee . . . ." *Stavola* v. *Palmer*, 136 Conn. 670, 678, 73 A.2d 831 (1950).

"Since an intervening employer's statutory right to reimbursement depends on the liability of the third party to the employee, the statute of limitations applicable to the employer's right of action must be the same as that governing the employee's underlying action against the tortfeasor." *Packtor* v. *Seppala & AHO Construction Co.*, supra, 33 Conn. App. 431. In this case, the two year statute of limitations applies to both the plaintiff employee and the intervening plaintiff employer because the plaintiff's underlying complaint sounded in common-law negligence.[3]

---

[3] In this case, it is unnecessary to address the possibility of a longer limitations period that may have accrued had the intervening plaintiff initiated the lawsuit alleging something other than negligence.

Thus, the plaintiff's employer, the intervening plaintiff, had an independent right to file a lawsuit against the third party restaurant. For unspecified reasons, the intervening plaintiff failed to exercise that privilege. Instead, it chose to file an intervening complaint after the plaintiff filed his lawsuit. Unfortunately for the intervening plaintiff, the plaintiff's lawsuit was filed with less than three weeks left to the limitations period. By the time the intervening plaintiff filed its complaint, the two year limitations period had lapsed. We find nothing in the Workers' Compensation Act that purports to extend or toll the statute of limitations. The passing of the limitations period barred the action by the intervening plaintiff. Consequently, no genuine issue of material fact remained in the case and summary judgment was appropriate.

The judgment is affirmed.

In this opinion LANDAU, J., concurred.

SPALLONE, J., dissenting. I dissent and respectfully disagree with the majority. The majority fails to give efficacy to the obvious legislative intent of General Statutes § 31-293 (a) that an employer has a right to recover from a third party tortfeasor any sum the employer paid or is obligated to pay an injured employee who commences suit against the tortfeasor within the time parameters of General Statutes § 52-584.[1] I would hold that when an employer receives notice of such a suit, the § 52-584 statute of limitations is tolled. Pursuant to

---

[1] The fact that an employer joins in a case does not increase the exposure of a defendant. The employer is statutorily entitled to recover from the tortfeasor only the amount equal to the benefit it paid or is obligated to pay its employee under the Workers' Compensation Act. The employee's right of recovery is not limited to those sums paid or payable by the employer, but also includes all other damages arising out of the accident. Included among these are pain and suffering, property damages, lost wages and all economic losses and disabilities above and beyond the statutory limits of the Workers' Compensation Act.

§ 31-293 (a), the timely filing of a complaint by the employee and timely notice to the employer thereof invokes a new statute of limitations of thirty days within which the employer may intervene.

"Failure to notify an employer of pending litigation pursuant to General Statutes § 31-293 allows an employer to enter the action at any point in the proceedings." *Misiurka* v. *Maple Hill Farms, Inc.*, 15 Conn. App. 381, 385, 544 A.2d 673, cert. denied, 209 Conn. 813, 550 A.2d 1083 (1988). "[A]n employer who does not receive notice from an employee concerning the institution of a third party action in accordance with § 31-293 [cannot] be barred from intervening by the passage of the time which this statute prescribes, because, until notice is given, the time does not begin to run." (Internal quotation marks omitted.) *Rana* v. *Ritacco*, 236 Conn. 330, 336, 672 A.2d 946 (1996).

The right of an employer to obtain reimbursement from a third party tortfeasor for workers' compensation benefits paid serves the public policy of preventing double recovery by an injured employee. *Durniak* v. *August Winter & Sons, Inc.*, 222 Conn. 775, 779–80, 610 A.2d 1277 (1992).

In this case, after due notice was given by the plaintiff of the commencement of the suit, the intervening plaintiff, his employer, properly and timely moved to intervene pursuant to § 31-293 (a), but after the expiration of the § 52-584 statute of limitations.[2] The majority holds

---

[2] That the employer's right to recover is derivative, and not independent, has been clearly established by our Supreme Court in *Mickel* v. *New England Coal & Coke Co.*, 132 Conn. 671, 678, 47 A.2d 187 (1946). See also *Quire* v. *Stamford*, 231 Conn. 370, 376, 650 A.2d 535 (1994). The employer's right is statutory, but does not come into being unless and until the employer has paid workers' compensation benefits on behalf of the injured employee. Such right is derived from the common-law tort remedy available to the injured employee.

that the intervening plaintiff is prohibited from intervening where the plaintiff commenced the action within the two year statute of limitations and gave notice to it, and the intervening plaintiff timely filed its complaint under § 31-293 outside the two year statute of limitations. This holding is in defiance of the public policy against double recovery because it places the control of the employer's recovery in the hands of the employee. As in this case, an employee could wait until the last days, before being time barred from commencing an action, to give timely notice to the employer, and the employer's timely intervention would be impossible. The employee could deliberately, by filing at the last moment, bar any recovery by the employer and gain double recovery. Although the employer has the right to commence an action on its own, it is not mandated to do so and may elect to proceed as an intervenor in its employee's suit.[3] Such election is not prohibited by § 31-293.

I would hold that, where the employee commences an action against a third party tortfeasor within the applicable statute of limitations, the employer, who has paid or has become obligated to pay workers' compensation benefits under § 31-293, has thirty days to intervene regardless of whether the date of its motion to intervene is outside the applicable statute of limitations for the underlying action. If the employer has acted within thirty days of timely notice, it has done all that is required by § 31-293.

I would reverse the trial court's judgment granting the restaurant's motion for summary judgment and would remand the case for a new trial.

---

[3] The employer or the employee may bring suit independent of the other or may join in any suit brought by the other within thirty days of notification of the commencement of the suit. General Statutes § 31-293.