[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE (#101)
On June 16, 1997, the plaintiff, City of Stamford (the City), filed a complaint sounding in negligence against the defendants, Charles Szollosy and John Franchina. The City seeks reimbursement for worker's compensation benefits paid to a police officer who was injured while on the defendants' property. On July 22, 1997, the defendants filed a motion to strike on the ground that the complaint "fails to state a legally cognizable cause of action in negligence, based upon the facts alleged."
The City alleges that the defendants negligently rented an apartment to a person whose child had a history of setting fires. Specifically, the plaintiff alleges in its complaint that the defendants should have known that the minor child had a history of setting fires and "failed to take reasonable measures to CT Page 10383 minimize said danger." The plaintiff also alleges that the defendants "failed [to] take reasonable precaution to minimize the hazards posed by the occupancy of said minor child." Further, the plaintiff alleges that "the defendants in the exercise of reasonable care and inspection should have known of this condition and should have remedied the same, yet failed to do so."
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulackv. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993). The role of the trial court is "to examine the [complaint] construed in favor of the [plaintiff], to determine whether the [plaintiff] has stated a legally sufficient cause of action." Napoletano v.Cigna Healthcare of Connecticut, Inc., 238 Conn. 216, 232-33,680 A.2d 127 (1996), cert. denied, ___ U.S. ___, 117 S.Ct. 1106,137 L.Ed.2d 308 (1997).
"An employer's rights against a third party tortfeasor are derivative only in the sense that the right of the employer depends upon the employee's right to the extent that he has no cause of action unless the employee . . . has a cause of action, and [the employer] cannot recover any more than the employee himself . . . could recover." (Internal quotation marks omitted.)Nichols v. The Lighthouse Restaurant, Inc., 46 Conn. App. 712,717, ___ A.2d ___ (1997). In other words, in order for the plaintiff in the present case to be reimbursed for benefits paid to the police officer, the police officer himself must be able to sustain an action to recover for his injuries.
It is well established that a police officer is barred from seeking damages for injuries received in the line of duty, if those injuries were caused by the mere negligence of another. SeeKaminski v. Fairfield, 216 Conn. 29, 38, 578 A.2d 1048 (1990). ("[F]undamental concepts of justice prohibit a police officer from complaining of negligence in the creation of the very occasion for his engagement.")
In the present case, the complaint sounds only in negligence. Since the injured police officer himself cannot bring a cause of action based on negligence against the defendants, the officer's employer, in this case the plaintiff, cannot maintain a cause of action against the defendants. Therefore, even if the facts alleged were taken as true, the plaintiff's complaint is legally insufficient to maintain a cause of action against the CT Page 10384 defendants. The motion to strike (# 101), therefore, is granted.
KARAZIN, JUDGE.