[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE. MOTION FOR SUMMARY JUDGMENT (DOCKETENTRY NO. 149)
The intervening plaintiff, Federal Express, filed an intervening complaint against the defendant, Peter Palmer, Jr., on October 15, 1996. The defendant Palmer has now moved for summary judgment[1] on the ground that the intervening complaint is barred by the time limitations set forth in General Statutes § 52-584. The defendant argues that the plaintiff, while employed by Federal Express, suffered injuries due to a slip and fall accident that occurred on January 20, 1994 and consequently, the two-year statute of limitations ran on January 20, 1996. Federal Express did not file its claim until October 15, 1996.
Federal Express argues that since the plaintiff's action was CT Page 10692 timely filed, Federal Express' derivative action as the plaintiff's employer is not barred by the applicable two-year statute of limitations (C.G.S. § 52-584).
Since the statute of limitation argument is dispositive, the defendant's additional argument related to the apportionment statute (General Statutes § 52-102b) need not be addressed.
"Since an intervening employer's statutory right to reimbursement depends on the liability of the third party to the employee, the statute of limitations applicable to the employer's right of action must be the same as that governing the employee's underlying action against the tortfeasor." (Internal quotation marks omitted.) Nichols v. Lighthouse Restaurant, Inc.,46 Conn. App. 712, 717, ___ A.2d ___ (1997). "[T]he two year statute of limitations applies to both the plaintiff employee and the intervening plaintiff employer because the plaintiff's underlying complaint sounded in common law negligence." Id.
Here, Federal Express did not file its claim against Palmer "within two years from the date when the injury was first sustained or discovered," pursuant to § 52-584. Therefore, Federal Express' claim is time-barred. Id., 718. See alsoPacktor v. Seppala AHO Construction Company, Inc.,33 Conn. App. 422, 432, 636 A.2d 383, appeal dismissed, 231 Conn. 367,650 A.2d 534 (1994) (where employer did not initiate any action against the third party until filing a motion to intervene well beyond the two year statute of limitations, employer's derivative right to reimbursement is time-barred.)
In view of the foregoing, there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law. (P.B. § 384)
The motion of the defendant Peter Palmer, Jr. for summary judgment against the intervening plaintiff Federal Express is granted.
RONAN, J.