[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR SUMMARYJUDGMENT
This action, commenced via a two-count complaint dated August 10, 1990, claims damages in connection with injuries suffered by the plaintiff, John Doe, M.D., when the plaintiff became infected with HIV, the virus causing AIDS, as the result of his having been stuck by a hypodermic needle on August 18, 1988 while in the sixth week of a medical residency program at Yale-New Haven Hospital. The plaintiff thereafter applied for and received workers' compensation benefits from the intervening plaintiff, Yale-New Haven Hospital. In this action, the plaintiff alleges that his injuries were as the result of negligence on the part of the defendant University in failing to properly train and supervise him in the particular procedure that he was performing at the time of the incident.
General Statutes § 31-293[1] required the plaintiff to notify his employer, the Hospital, immediately upon the commencement of this action. Although the plaintiff commenced this action on August 10, 1990, however, he did not notify the Hospital of the commencement of the action until December 18, 1991, over a year and four months later. The notice was received by the Hospital on December 24, 1991, and it timely moved to intervene on January 20, 1992. The motion to intervene was granted by the court (O'Keefe, J.) on March 30, 1992, without objection. By the time the Hospital had intervened, however, the statute of limitations contained in General Statutes § 52-584
had long since expired.
On September 16, 1997, the Appellate Court decided Nichols v.Lighthouse Restaurant, Inc., 46 Conn. App. 712 (1997), holding that although intervention by an employer was timely within the framework of General Statutes § 31-293, the employer's cause of action was nonetheless barred by the statute of limitations. On October 10, 1997, five years and ten months after the Hospital had moved to intervene in this action, and on the eve of trial, the plaintiff, relying on Nichols, moved for and received permission to file a motion for summary judgment directed against the Hospital, on the grounds that the motion to intervene and the intervening complaint were filed beyond the statutory limitation for actions of this type. The plaintiff also asserted that the CT Page 13733 intervening complaint is insufficient as a matter of law.[2]
The defendant has taken no position with regard to either the motion for permission to file summary judgment or the motion for summary judgment itself, but the intervening plaintiff has objected strenuously. This court granted the motion for permission, but without prejudice to the right of any party to renew, in briefs or oral argument directed at the motion for summary judgment itself, any arguments that it had raised in connection with the motion for permission to file motion for summary judgment. The plaintiff and intervening plaintiff did file memoranda of law, and the court heard oral argument on December 17, 1997.
Although on October 22, 1997 the Supreme Court granted the petition for certification of the appeal in Nichols,243 Conn. 938 (1997), the Appellate Court's decision represents the current law in this State. It is plain that the majority in Nichols would have held that, had the defendant interposed a timely statute of limitations special defense in this case and later moved for summary judgment, the defendant would have been entitled to a judgment in its favor with respect to the intervening complaint.
As mentioned earlier, however, the defendant has not asserted such a special defense, and our law is that the question of whether a statute of limitations has expired prior to the commencement of an action must be raised as a special defense to a complaint. Practice Book § 164 states that, "[f]acts which are consistent with. . . [a plaintiff's statement of facts] but show, notwithstanding, that he has no cause of action, must be specially alleged. Thus, . . . the statute of limitations. . . must be specially pleaded. . ." "Where a statute of limitations is procedural, it is subject to waiver; unless specifically pleaded it is deemed waived and the remedy continues beyond the prescribed period." Moore v. McNamara, 201 Conn. 16 (1986).
Thus, our rules of practice appear to limit the universe of parties that are able to contest the viability of a complaint on the grounds of the statute of limitations to those against whom the complaint is directed. The plaintiff, who now seeks summary judgment with respect to the intervening complaint, has not filed a special defense, nor could he do so in light of the fact that the Hospital's complaint is brought not against him but against the University. Whether the plaintiff may nonetheless seek summary judgment against the intervening employer appears to be CT Page 13734 an issue of first impression in this state.
The Hospital thus argues, as a threshold matter, that the plaintiff lacks standing to contest the complaint on the basis of the alleged expiration of the statute of limitations. It cites decisions in other kinds of third party complaints as support for its position. See, for example, New Haven Savings Bank v. ValleyView Joint Venture, 1993 WL 360450 (Kocay, J. Sept. 7, 1993), in which the court held that "[u]nder the terms of the present Revised Third party complaint, he has no standing to move for summary judgment therein as he is not a party to that third party complaint.") Thus, the hospital contends, this plaintiff lacks standing even to move for summary judgment because Dr. Doe is not a party to the intervening complaint.
The Hospital's claim against the defendant University is that, if the University is liable to Doe, it is also liable to the Hospital to the extent that it is obligated to pay worker's compensation benefits to Doe. In an action in which an employer has intervened pursuant to General Statutes § 31-293, the intervening complaint is filed against the defendant/"third person" and not against the employee because under the terms of that statute, the employer's cause of action is against the "third person" and not against the employee: "Any employer having paid, or having become obligated to pay, compensation under the provisions of . . . [the Worker's Compensation Act] may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. . ." (emphasis added). The terms of the statute govern the pleadings and clearly state that the intervening plaintiff directs its pleadings against the third person. As the intervening complaint is not directed against the plaintiff, the plaintiff does not plead to it and is not eligible to raise the statute of limitations as a special defense to it. "The general rule is that one party has no standing to raise another's rights." Delio v. The Earth Garden Florist, Inc.,28 Conn. App. 73, 78 (1992).
In Malerba v. Cessna Aircraft Co., 210 Conn. 189, 192 (1989), the Supreme Court considered whether a plaintiff had the ability to challenge a third-party complaint:
 `When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an CT Page 13735 adjudication of the issue. . . .' Mystic Marinelife Aquarium, Inc. v. Gill, 175 Conn. 483, 492 (1978). `[Standing is] ordinarily held to have been met when a complainant makes colorable claim of direct injury he . . . is likely to suffer. . . ." Maloney v. Pac, 183 Conn. 313, 321 (1981).
 The question then is whether the third party complaint and the parties it draws into the action create a risk of direct injury to the original plaintiff. Injury in this context includes procedural injury to the cause of action.
The Malerba court then examined the nature of the relationship between a plaintiff and a third-party defendant and concluded that:
 [i]t is apparent that Practice Book § 117 thus arms a third party defendant with the full panoply of procedural options available to address not only the claim of the third party plaintiff but also the claim of the original plaintiff against the original defendant. The addition of two defendants with perhaps greater insights as to both the factual and legal ramifications of the original cause of action creates at least a colorable claim of a likelihood of injury to the plaintiff's cause of action.
Id. at 193. Therefore, the court concluded that the plaintiff had standing to challenge the sufficiency of the third party complaint.
The Hospital contends that unlike the third party complaint which was at issue in Malerba, no such adverse relationship exists between the plaintiff and the intervening plaintiff. The intervening plaintiff's complaint does not cause any injury to the plaintiff, although it can reduce the amount of the plaintiff's recovery against the defendant by amounts which are paid or payable to the plaintiff by the employer pursuant to the Workers' Compensation Act. Indeed, this court has already concluded that for purposes of allocating peremptory challenges CT Page 13736 during jury selection, the plaintiff and intervening plaintiff shared a "unity of interest", and it therefore refused the Hospital's request for any peremptories.
"Standing depends, in the first instance, upon a party's proof of aggrievement." AFSCME Council 4, Local 681, AFL-CIO v.West Haven, 43 Conn. Sup. 470, 481, 662 A.2d 160, aff'd,234 Conn. 217, 661 A.2d 587 (1995). Proof of aggrievement requires the satisfaction of the following two prong test: "First, . . . [that she has] a `specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole.' Nader v. Altermatt, 166 Conn. 43, 51, 347 A.2d 89
(1974) . . . . Second, . . . that this specific, personal and legal interest has been injuriously affected by the challenged action Id., 51." Id.
Plaintiff directs the court's attention to the analogy of apportionment plaintiffs who have claimed that a plaintiff in the underlying case with no direct claim against the apportionment plaintiff or apportionment defendant has no standing to challenge the legal sufficiency of pleadings filed by the apportionment plaintiff against an apportionment defendant. The Superior Court judges who have addressed this issue appear to have uniformly held that such a plaintiff does have standing to attack apportionment pleadings based on their deleterious effect on the plaintiff's recoverable damages. See, e, g., Tito v. Burghoff, Superior Court, judicial district of Litchfield, Doc. no. 07 06 43, 19 CONN. L. RPTR. 561, 1997 Conn. Super. LEXIS 1376 (May 27, 1997) (Sheldon, J.). In Tito, supra, at 6-7, Judge Sheldon wrote:
 Applying the foregoing [standing] test to the claim herein presented, it is apparent that the plaintiff has standing to pursue her motion to strike [the apportionment plaintiff's complaint]. The plaintiff's interest in the pendency and legal sufficiency of the defendants' apportionment complaint is no mere "general interest, such as is the concern of all members of the community as a whole." Nader v. Altermatt, supra. Rather, it is a specific, personal and legal interest in a matter that may substantially affect her ability to recover damages in this case. If the defendants prove their claim against the CT Page 13737 apportionment defendants, the result will be a diminution in the size of any damages award the plaintiff may recover from the defendants. If, on the other hand, they either fail to prove their claim or are legally disenabled from pursuing it due to the late service of the apportionment complaint, the plaintiffs' damages award against the defendants will not be subject to reduction due to the negligence of the apportionment defendants' decedent. Against this background, there is no question that the plaintiff is vitally interested in the outcome of any challenge to the legal sufficiency of the defendants' apportionment complaint. Because she would be "injuriously affected" by the rejection of such a challenge, she has standing to pursue it under our law.
See also Danko v. Redway, Superior Court, judicial district of Middlesex at Middletown, Doc. no. 9574648, 20 CONN. L. RPTR. 281,1997 Conn. Super. LEXIS 2494, p. 2 (September 17, 1997) (Fineberg, J.) (plaintiff has standing to challenge apportionment complaint);Clark v. VIN Agency, Superior Court, judicial district of Fairfield at Bridgeport, Doc. no. 32 69 40, 20 CONN. L. RPTR. 286,1997 Conn. Super. LEXIS 2223, p. 4 (August 18, 1997) (Skolnick, J.) (plaintiff has standing to challenge apportionment complaint).
The analogy, however, is flawed. To be sure, the plaintiff here has an interest in whether the employer is going to be successful in obtaining reimbursement of its worker's compensation benefits on behalf of the plaintiff, and it is by no means a mere "general interest." The intervening complaint of an employer, however, does not affect the plaintiff's right to recover against the defendant, nor does it affect the percentage of any verdict which might be recovered from any particular defendant. The plaintiff's interest is rather whether he will be able to effect a double recovery for the same damages, enabling him to keep the worker's compensation benefits already received, as well as to receive such benefits in the future, while at the same time using the same special damages as the basis for a verdict against the defendant.
The purposes of intervention pursuant to General Statutes § 31-293 are to permit the employer to recover from a tortfeasor any amounts which the tortfeasor's acts have caused it CT Page 13738 to expend on behalf of the employee, and also to prevent the plaintiff from recovering twice for the same expenses. Any interest on the part of a plaintiff-employee in thwarting these purposes is not on the same level as that of a plaintiff seeking to have an impact on an defendant-apportionment plaintiff's effort to diminish its liability. "The right of an employer to obtain reimbursement from a third party tortfeasor for workers' compensation benefits paid serves the public policy of preventing double recovery by an injured employee." Durniak v. August Winter Sons, Inc., 222 Conn. 775, 779-80 (1992). The participation of the employer does not diminish the plaintiff's right to obtain that which is rightfully his. Rather, public policy is served by preventing the plaintiff from receiving damages in excess of what is fair, just and reasonable. This is the entire basis behind allowing an employer to intervene in the employee's third party action and can not be considered an injury to the plaintiff.
In light of the plaintiff's inability to seek judgment based on a statute of limitations defense which he lacks the standing to raise, it is unnecessary to consider the Hospital's contention that the plaintiff has waived this defense by waiting six years to raise it, nor is it necessary to examine the intervening plaintiff's arguments as to why the Nichols decision should be found inapplicable to the present situation. Additionally, this court declines the intervening plaintiff's invitation to anticipate the Supreme Court's ruling in Nichols and reach a result contrary to that reached by the Appellate Court.
The plaintiff has also argued, persuasively, that the intervening plaintiff's complaint, which alleges no wrongdoing on the part of the defendant but merely alleges that the plaintiff has received compensation benefits from the Hospital and has brought an action against the defendant, is insufficient. Even if the plaintiff had standing to raise his issue, however, the court construes his failure to raise it until the proverbial eve of trial as a waiver of this claim.[3] The plaintiff is therefore not entitled to judgment on the intervening complaint as a matter of law, but, in the interest of clarity of pleading, the court does order the intervening plaintiff to amend its complaint so that it sets forth claim against the defendant University.
For all of the above reasons, the plaintiff's motion for summary judgment is denied.
Jonathan E. Silbert, Judge CT Page 13739