[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS MOTION FOR SUMMARY JUDGMENT (#123)
The defendants move for summary judgment on the ground that the intervening plaintiff's action is barred by the applicable statute of limitations.
The facts underlying the present motion for summary judgment arise out of a slip and fall by the plaintiff, Robert Dalfino, Sr., that occurred on February 15, 1993, as a result of the alleged negligence of the defendants, Ethel Coady and Judith Ann Coady. The plaintiff commenced the present action by a writ of summons and complaint dated January 31, 1995. By way of an amended two count complaint dated March 28, 1995, the plaintiff alleges that he has suffered serious personal injuries as a result of a fall caused by the dangerous and slippery icy condition of a driveway owned and maintained by the defendants. (Complaint, Count One.) The second count of the complaint asserts a claim for loss of consortium by the plaintiff's 'wife.
Thereafter, on January 31, 1996, having learned of the pendency of this action[1], the treasurer of the state of Connecticut and custodian of the second injury fund (intervening plaintiff) intervened as a plaintiff pursuant to General Statutes § 31-293[2] seeking reimbursement for sums it had become obligated to pay to the plaintiff under the Workers' Compensation Act. CT Page 2009
On March 31, 1995, the defendants filed an answer and special defenses directed to the plaintiff's complaint in which they allege that the plaintiff's alleged injuries were caused by the plaintiff's own carelessness and negligence. On June 4, 1997, the defendants filed an answer and special defenses directed to the intervening complaint in which they allege that (1) the plaintiff's injuries resulted from his own contributory negligence; and (2) the claim of the intervening plaintiff is barred by the applicable statutes of limitations, General Statutes §§ 31-293 and 52-284.[3]
On December 4, 1997, the defendants moved for summary judgment on the intervening complaint on the ground that there is no issue of material fact that the intervening plaintiff failed to intervene in the plaintiff's action within the two-year limitations period established by General Statutes § 52-584
and that, therefore, the defendants are entitled to judgment as a matter of law. The defendants filed a memorandum of law in support of the motion for summary judgment. The intervening plaintiff filed an objection to the motion for summary judgment and a supporting memorandum of law on December 15, 1997. The intervening plaintiff objects to the motion for summary judgment on the ground that even though the intervening complaint was filed more than two years after the plaintiff's alleged injury, the joinder was timely because the motion to intervene was filed within thirty days of receiving notice of the pendency of the plaintiff's action, as required by General Statutes § 31-293.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805, 679 A.2d 945 (1996). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). "Although the party seeking summary judgment has the burden of showing the nonexistence of any CT Page 2010 material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Internal quotation marks omitted.) Id. "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." 2830 Whitney Avenue Corp. v. Heritage CanalDevelopment Associates, 33 Conn. App. 563, 567, 636 A.2d 1377
(1994). "If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming the movant has met his burden of proof." (Internal quotation marks omitted.) Id., 569.
"A summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) Miller v. United Technologies Corp.,
supra, 233 Conn. 752. "A directed verdict may be rendered only where, on the evidence viewed in the light most favorable to thenon movant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Emphasis in original.) Id.
Under General Statutes § 31-293, any employer or the custodian of the second injury fund which has paid or become obligated to pay workers' compensation benefits to an injured employee on account of injuries he has suffered due to the tortious conduct of a third person may recover the full amount of such payments from the third person in one of two ways: (1) the employer or the custodian of the second injury fund may file a direct action against the third person, asserting the right of his employee to recover damages from the third person and, derivatively, his own right to recover from any damage award to which the employee would be entitled all monies the employer or the custodian of the second injury fund has paid or will be required to pay as benefits to the employee; or (2) the employer or the custodian of the second injury fund may intervene in any action brought by the employee himself against the third person, and recover from the proceeds of the employee's recovery the full amount of all benefits they have paid or become obligated to pay to the employee. Nichols v. Lighthouse Restaurant Inc.,46 Conn. App. 712, 717, 700 A.2d 114, cert. granted, 243 Conn. 938 (1997);Packtor v. Seppala AHO Construction Co., 33 Conn. App. 422,430-32, 636 A.2d 383, appeal dismissed, 231 Conn. 367, CT Page 2011650 A.2d 534 (1994).
To prevent employees from making double recoveries and protect alleged third party tortfeasors from facing multiple lawsuits based on single claims for damages, the law requires injured employees who have received or become entitled to receive workers' compensation benefits as well as their employers or the second injury fund to give each other immediate written notice of any lawsuit they file to recover damages from any third person claimed to have caused the employee's compensable injuries. Ranav. Ritacco, 236 Conn. 330, 335, 672 A.2d 946 (1996); General Statutes § 31-293 (a). The failure of the parties so notified to join in the other's action within thirty days of receiving such notice results in the abatement of their right of action against the third person. General Statutes § 31-293 (a).
In the present case, the parties' dispute concerns the relationship, if any, between the above described thirty-day joinder provision of General Statutes § 31-293 and the statute of limitations applicable to the employee's underlying action, General Statutes § 52-584. The defendants argue that General Statutes § 52-584 bars the intervening plaintiff's action because it was filed beyond the two year period mandated by the statute and is, therefore, untimely. The defendants argue that, notwithstanding the provision of General Statutes §31-293 which gives an intervening plaintiff, who receives notice of a pending action by a plaintiff-employee, a thirty day period after such notice to intervene, the intervention, nonetheless remains subject to any statute of limitations defense. The defendants rely mainly on Nichols v. Lighthouse Restaurant. Inc.,
supra, 46 Conn. App. 712[4], for the proposition that, where an employee has filed a timely action against a third party tortfeasor, an employer or the second injury fund must initiate a cause of action or move to intervene in an employees cause of action within the limitations period applicable to the employee's cause of action in order to preserve his claim for reimbursement. The intervening plaintiff counters that Nichols v. LighthouseRestaurant, supra, is currently on appeal to the Supreme Court and, consequently, it is not binding as precedent on this court.
Under the doctrine of stare decisis, courts exercising lower jurisdiction must accept as controlling precedent the law as declared by the decision of a court of higher jurisdiction until such decision is reversed, overruled or qualified. White v.Burns, 213 Conn. 307, 335, 567 A.2d 1195 (1990). Whether a CT Page 2012 holding of a court of higher jurisdiction should be reevaluated and possibly discarded is not for a court of lower jurisdiction to decide. Board of Education v. Bridgeport EducationAssociation, 9 Conn. App. 199, 203-04, 518 A.2d 394, cert. denied, 202 Conn. 802, 519 A.2d 1206 (1987). In Nichols v.Lighthouse Restaurant, supra, 46 Conn. App. 712, the Appellate Court held that an intervening complaint filed by an employer pursuant to General Statutes § 31-293 after the limitations period applicable to the underlying action by the employee had already expired was not timely filed notwithstanding that it was filed within thirty days after notice, as provided by the statute. Until this ruling is reversed by the Supreme Court, it continues to control this court's decision. The facts of the present case are identical to the facts in Nichols, consequently the intervening plaintiff's action is barred because it was not filed within the two year limitation period applicable to the underlying tort action. Accordingly, the defendants' motion for summary judgment is granted.
It should be noted that, the second injury fund is not without a remedy. Pursuant to General Statutes § 31-293 (a), the second injury fund shall have a lien upon any judgment or settlement received by the employee against the third party tortfeasor, provided that the second injury fund gives written notice of the lien to the third party prior to such judgment or settlement.[5]
Hennessey, J.