[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant Illumelex moves for summary judgment against the intervening complaint of Sports Authority, the employer of Robin Maratea, an injured party who brought the original lawsuit. Defendant Illumelex asserts that the employer's motion to intervene is time barred because it was brought beyond the two year statute of limitations provided in general statutes §52-584 for negligence claims. The motion is denied.
The plaintiff was injured on August 22, 1995. She commenced suit on July 28, 1997. Although the employer's motion to intervene was not granted until September 8, 1997, it was timely filed on August 22, 1997 within the two year statute of limitations provided by § 52-584, and not beyond the thirty day window for intervention provided by § 31-293 of the statutes. In determining the applicable period of the bar of a statute of limitations, the day on which the tortious conduct occurred is not counted. The two year statute did not operate as a bar until August 23, 1997. See DeTeves v. DeTeves,202 Conn. 292, 297 n. 7, 520 A.2d 608 (1987), citing Lamberti v. Stamford,131 Conn. 396, 397-98, 40 A.2d 190 (1944); Austin, Nichols Co.
CT Page 3938v. Gilman, 100 Conn. 81, 84, 123 A. 32 (1923).
Section 52-584 of the statutes provides in pertinent part that "[n]o action to recover damages for injury to the person . . . caused by negligence . . . shall be brought butwithin two years from the date when the injury is first sustained or discovered. . . ." (Emphasis supplied)
 The word "within" is of controlling importance. It means "not longer in time than"; Webster's New International Dictionary, (2d Ed.); "not later than." 69 C.J. 1315; 45 words Phrases (Perm. Ed.); p. 378. The word "within" is almost universally used as a word of limitation, unless there are other controlling words in the context showing that a different meaning was intended. Whitford v. Lee, 97 Conn. 554, 561, 117 A. 554.
 Lamberti v. Stamford, supra, 398.
In computing the time period the day of the act from which a future time is to be ascertained is to be excluded from the computation. Austin, Nichols Co. v. Gilman, supra, 84;Lamberti v. Stamford, supra.
Both the Appellate Court case of Packtor v. Seppala AHOConstruction Co., 33 Conn. App. 422, 636 A.2d 383, appeal dismissed, 231 Conn. 367, 650 A.2d 534 (1994) and Nichols v.Lighthouse Restaurant, Inc., 46 Conn. App. 712, 700 A.2d 114, cert. granted, 243 Conn. 438, 702 A.2d 643 (1997), dealt with situations where the plaintiff's employer attempted to intervene to assert its lien rather than exercising its statutory option to commence a separate suit. Although factually distinguishable from this case because neither Packtor or the Lighthouse motion was filed within the two year period § 52-584 allows, both decisions recognized that where the motion alternative was elected the timely filing with the clerk would have been sufficient to satisfy the statute of limitations. This is a wise jurisprudential approach and consistent with appellate holdings which clothe denial of an employer's motion to intervene with sufficient finality to constitute a final appealable judgment. Winslow v. Lewis-Shephard,Inc., 216 Conn. 533, 582 A.2d 1174 (1990). Where such a motion is denied, if, as the plaintiff contends, it were only the granting
CT Page 3939 of the motion to intervene within two years which clothed the court with jurisdiction, rather than the timely filing of the motion, no court would have any jurisdiction to entertain the appeal where the motion had been denied.
Furthermore, to find otherwise would lead to an inconsistent treatment of employers. Those who exercised the statutory direct suit option against the tort feasor who had caused its employee's injury to recover worker's compensation paid by commencing timely suit within two years of the negligent act by sheriff's service on a particular day would not be barred, but on the other hand, an employer who alternatively timely filed its intervention motion in its employee's law suit with the clerk within the two years of the defendant's tort would be barred because a judge did not act to grant that motion within the two year time frame — a bizarre, unjust, inconsistent and illogical result. This court holds that the statute of limitations was tolled when the motion was timely filed.
The motion for summary judgment is denied.
FLYNN, J.