[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 8014 ON PLAINTIFF'S OBJECTION TO MOTION OF SECOND INJURY FUND AND DEFENDANT S OBJECTION TO MOTION OF SECOND INJURY FUND TO INTERVENE
The Second Injury Fund has moved to intervene in this action. Both the plaintiff and the defendant object to the motion to intervene.
The underlying action sets forth a cause of action against the defendant Delmonico for personal injuries sustained in an automobile collision which occurred on February 6, 1995. On January 31, 1997 the plaintiff's employer, APS, Inc., d/b/a APS Auto, claiming to have paid Workers Compensation benefits and may be required to pay such benefits, moved to intervene in this action, pursuant to General Statutes § 31-293. This court,Rittenband, J., granted the motion. and the intervening complaint was filed.
On June 9, 1998 the Second Injury Fund moved to intervene in this action, claiming that it has been placed on notice that the employer intended to transfer liability to the Second Injury Fund pursuant to General Statutes § 31-349. The employer is required to so notify the Fund, as a condition precedent to being able to transfer liability to the Fund.
The plaintiff, having brought the action, did not notify the Fund of the commencement of this action, as he would be required to do under General Statutes § 31-293. However this is understandable as the employer has no obligation to notify the employee that it has filed a notice to transfer with the Fund. (CGS § 31-349b). Hence the employee would not know of the application (notice of intention to transfer) until the transfer to the fund has actually occurred.
The Fund claims that it has filed this motion to intervene within thirty days of its notification of the injured employee' s action against the third parties, here the defendant. It is assumed that the notice of this action came to the attention of CT Page 8015 the Fund through notice from the employer, as the employee did not notify the Fund that he had commenced this action.
 I
The defendant objects to the intervention on the basis that the Fund has not yet been required to pay any benefits. General Statutes § 31-352 allows intervention by the Fund when the Fund "has paid or by award has become obligated to pay compensation out of the fund. " General statutes § 31-293
however allows the Fund to intervene under circumstances where the Fund . . . "having paid, or having become obligated to pay, compensation . . ."
The obligation of the Fund to pay compensation upon notification of intent to transfer attaches unless the Fund rejects the notice to transfer. Any claim which is not rejected pursuant to this section shall be deemed to be accepted . . . (CGS § 31-349(b)). This motion to intervene does not allege that the Fund has rejected the transfer, nor is an argument proffered to that effect.
The apparent inconsistency between CGS § 31-352 and §31-293 is clearly reconcilable. Prior to Public Act 95-277 the Fund was directly responsible in the first instance for injuries sustained by an employee who had executed "an acknowledgment of any physical condition which imposed upon his employer or prospective employer a further or unusual hazard . . . " See former General Statutes § 31-349(d). That provision was eliminated by Public Act 95-277. In that former context General Statutes § 31-352 had direct significance as the Fund was a direct and immediate obligor. Conversely, under the other provisions of CGS § 31-293 the Fund is a successor obliger to the employer or his insurer, after 104 weeks. by virtue of a statutory assignment of the employer insurer's obligation. Payment must be made by the employer or his insurer for two years (104 weeks) before the Fund can become the assignee of the employer's obligation.
To accept the defendant's proposition that CGS § 31-352
requires actual payment, or a Commissioner's award of payment, as a condition to intervention under CGS § 31-349(b) would preclude the Fund from intervening until actual payment. Though liable for future payments, intervention would then probably b precluded because of failure to intervene within thirty-days CT Page 8016 from-notification, as required by CGS § 31-293. It is inconceivable that the legislature would have such a result. The Court determines that the provisions of General Statutes §31-293 are not applicable so as to bar intervention by the Fund under the circumstances herein.
 II
The plaintiff claims that the Fund is precluded from intervening because it did not intervene within two years from the date of injury. The plaintiff relies upon the decision of the Appellate Court in Nichols v. Lighthouse Restaurant, Inc.,46 Conn. App. 712 (1997). The plaintiff has omitted to attach the dissent of Judge Spallone in the copy of the opinion submitted, or to inform the court that the case has been granted certification by the Supreme Court. (243 Conn. 938 ( 1997)). The eventual outcome of that proposition of law is unpredictable, as that case has been stayed pending final determination of the cause. See Practice Book § 84-3 . Further the factual circumstances of that case are distinguishable, for, in situations of transfer to the Fund, the Second Injury Fund does not generally know about the injury, let alone the litigation, until after the 102 week period has expired.
The Court does not need to reach the issue posed by theNichols case, supra. This court determines that the transfer to the Fund is nothing other than a continuation of the obligation of the employer, transferred to the Fund by virtue of statutory assignment. The employer having properly intervened in the claim within the two year period, the court determines that the decision of the Nichols case, supra, even if eventually affirmed by the Supreme Court, would not bar the intervention of the Fund under the circumstances of this case.
The objection of the plaintiff to the filing of the intervening complaint is overruled. The objection of the defendant to the filing of the intervening complaint is overruled.
Sullivan, J.