[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The defendant has moved for summary judgment on the intervening complaint of Professional Driving Co., Inc., the named plaintiffs' employer, based on its contention that the intervening complaint is barred by the statute of limitations. Professional Driving opposes summary judgment. It acknowledges that its complaint was filed long after the statute of limitations on the underlying claim had expired. It points out, however, that the named plaintiff had filed his complaint well within the statute of limitations and that Professional Driving had filed its intervening complaint within 30 days after CT Page 8989 receiving notice pursuant to General Statutes Section 31-293(a).
At oral argument, the parties agreed that there were no facts in dispute, and that the case was controlled by Nichols v. TheLighthouse Restaurant, Inc., 46 Conn. App. 712 (1997), which was then on appeal to the Supreme Court. That court rendered its decision on August 4, 1998, reversing the judgment of the Appellate Court. Nichols v. Lighthouse Restaurant, Inc.,246 Conn. 156(1998). The Supreme Court unanimously held "that when an employer receives formal notice under Section 31-293(a) of an employee's timely filed action against third party tortfeasor, the applicable statute of limitations on the underlying claim is tolled if the employer intervenes within the 30 day period prescribed by Section 31-293(a). Id, 170. Based on that holding, the Motion for Summary Judgement is denied.
Jonathan E. Silbert, Judge